## COMMONWEALTH vs. NICHOLAS POWERS.

Bristol.    Oct. 27.—Nov. 9, 1874.    COLT & AMES, JJ., absent.

On the trial of an indictment for the keeping of a tenement for the illegal keeping and sale of intoxicating liquor, there was evidence of a seizure of a keg of whiskey on the premises on September 13, 1873. A witness for the defendant testified that the keg was his, and that he bought it on June 28, 1873. The government then put in oral evidence that the keg seized had on it a United States revenue stamp dated August 17, 1873. *Held*, that the defendant had no ground of exception to the admission of this evidence.

COMPLAINT on the Gen. Sts. c. 87, § 6, charging the defendant with keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors on August 1, 1873, and on divers other days until September 17 next following.

At the trial in the Superior Court, before *Bacon*, J., it was shown that a ten-gallon keg, containing about two gallons of whiskey, was found in the attic of the building on the lower floor of which it was contended that the offence was committed. The keg was seized on a search warrant on September 13. One Riley testified that he occupied the whole of the building above the first

floor, and that the keg and whiskey belonged to him; that he bought it in Boston on June 28, 1873, for his private use; and he produced a bill which he testified was a bill of that whiskey, bearing that date, purporting that he had bought it of a dealer in Boston.

The government contended that it was not that whiskey that was seized, but other whiskey, and offered the testimony of the two officers who seized the keg, who, against the defendant's objections, were allowed to testify that there was a United States revenue stamp on the keg, and that there was upon the stamp the figures " 187 " in print, followed by the figure " 3 " in writing, and in writing, preceding " 187," the letters and figures " August 17," making "August 17, 1873."

The defendant was found guilty, and alleged exceptions to the admission of this evidence.

*J. Brown*, for the defendant. The rule that oral evidence cannot be substituted for any writing the existence of which is disputed, and which is material either to the issue between the parties or to the credit of witnesses, was disregarded in this case. 1 Greenl. Ev. § 88. The proof offered was to show the contents of a writing or document to impeach the credit of a witness. This writing was in the possession and control of the officers. There was no evidence that it had been lost or destroyed, and it should have been produced. It was material evidence, and unlike evidence of tags, &c., to prove the identity of an article, or of inscriptions on flags carried about by leaders of a riot, &c. *Commonwealth* v. *Morrell*, 99 Mass. 542.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. At the trial it appeared that a keg containing whiskey was seized under a search warrant, upon the premises alleged to have been occupied by the defendant. The only question presented to us is as to the admissibility of the testimony of the officers who made the seizure, that there was a United States revenue stamp upon the keg bearing the date of "August 17, 1873." We are of opinion that this testimony was properly admitted. It was competent for the government to put in evidence a description of the keg seized, including a description of the tags, labels or stamps upon it. This was proper for the purpose of identifying the keg seized. *Commonwealth* v. *Blood*, 11

Gray, 74.   *Commonwealth* v. *Morrell*, 99 Mass. 542.   *Commonwealth* v. *Jennings*, 107 Mass. 488.

The fact that such description tended to contradict the witness Riley, and to show that the whiskey seized was not the same whiskey which he testified that he bought in June, 1873, does not render the testimony incompetent, or make it necessary to produce in court the keg or the revenue stamp pasted upon it.

*Exceptions overruled.*