## COMMONWEALTH *vs.* GEORGE T. BROWN.

### Essex.    Nov. 7, 1877. — March 25, 1878.

On the trial of a complaint on the Gen. Sts. *c.* 87, §§ 6, 7, for maintaining a tenement, "used for the illegal sale and illegal keeping of intoxicating liquors," the testimony of a witness for the government that he saw a license from the United States, authorizing the defendant to sell liquor, hanging upon the wall of the defendant's bar-room, is competent.

COMPLAINT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining on August 31, 1877, and on divers other days between that day and the date of the complaint, a certain tenement in Haverhill, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Pitman,* J., one Palmer, a police officer of Haverhill, called as a witness for the government, testified that he went into the defendant's shop on August 31, and saw the defendant behind the bar or counter, and another person standing in front of the bar; and testified generally as to the appearance of the shop or bar-room, and as to what took place there on that day. The district attorney then asked the witness if he saw a license hanging upon the wall of the bar-room, and he answered that he did. He was then asked what the license was, to whom it was made out, and what was its date. The defendant objected to the admission of this evidence, and contended that it was an attempt to show by parol the contents of a written instrument; and that the fact that the defendant was licensed to sell intoxicating liquors could only be proved by the record of such license. But the judge overruled the objection; and the witness testified that the license hanging upon the wall was a United States license to the defendant to sell intoxicating liquors, that it acknowledged the receipt of twenty-five dollars from the defendant, and was dated in the year 1877, but the witness could not state the month. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Brickett,* ( *W. S. Knox* with him,) for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J.    The written paper in question was hanging upon the wall, and there was no physical difficulty in producing it in

court. But it was not a contract, or record; nor was it admitted as a written instrument capable of conveying any property or right to the defendant. It was not even offered for the purpose of proving that he had procured a United States license in fact, but that he professed to have done so. As a part of the description of the place, and of the manner in which it was fitted up, the witnesses might lawfully describe the various placards or handbills posted or hanging on the wall; for instance, such as enumerated articles for sale, and their prices, and others of a similar character. The paper was merely a notice to all who should visit the place, to the effect that the defendant was licensed. In legal effect, it was the same as if his name had been posted over his counter, followed by the words "licensed victualler," or "licensed innholder." Being hung upon the wall as a placard, it might be described as such; and the witness might be allowed to testify that it purported to be a United States revenue license or stamp, and to give the name and the date. *Commonwealth* v. *Powers*, 116 Mass. 337.                    *Exceptions overruled.*