JOHN BOURNE *vs.* HENRY T. BUFFINGTON.

Bristol. October 25. — 26, 1878. ENDICOTT & LORD, JJ., absent.

At the beginning of a trial, the defendant's counsel verbally requested the plaintiff's counsel to produce a bill of sale to the plaintiff, without mentioning its date, and he answered that the plaintiff did not have it in his possession. The presiding judge was of opinion that seasonable notice to produce the original bill of sale had not been given, and excluded secondary evidence thereof. *Held*, that the defendant had no ground of exception.

On the issue whether a sale was in fraud of creditors, no proceedings in insolvency or bankruptcy having been instituted, it is not erroneous to refuse to instruct the jury that if the debtor was in failing circumstances the sale was invalid, or to omit to give any instructions on the effect of insolvency or bankruptcy.

REPLEVIN. The answer denied the plaintiff's title, and alleged that the goods were the property of William Hayes, and were attached by the defendant, a constable of Fall River, while in the possession of Hayes, by a creditor of his, and that any transfer from Hayes to the plaintiff was fraudulent and designed to impede the insolvent laws of Massachusetts and the bankrupt laws of the United States.

At the trial in the Superior Court, before *Gardner*, J., the plaintiff put in evidence a bill of sale from Hayes to himself of the property in question, under which he testified that he took possession, and that Hayes had possession of the property at the time of the attachment as his agent.

Upon cross-examination, the plaintiff testified that Hayes made another bill of sale to him of the same, or a portion of such property, three years before, and that he immediately made a bill of sale of the same to the wife of Hayes, but he could not fix the date of such prior bills of sale, saying that he had the one given to him recorded in the city clerk's office in Fall River.

The defendant called the city clerk of Fall River to produce the records of these former bills of sale, and offered the records in evidence. The plaintiff objected to their admission, on the ground that the law did not require the registration of bills of sale, and that no written notice had been given to him to produce the originals ; but the plaintiff's counsel admitted that, at the commencement of the trial, the defendant's counsel made a verbal request for him to produce certain bills of sale, but with

out mentioning their dates of execution, and that he answeied that the plaintiff did not have them in his possession.

It was in evidence that the plaintiff resided at Newport, Rhode Island.   The trial took place at Fall River.   The judge ruled that the records of the city clerk possessed no higher authoiity than any other true copies of the bills of sale would have ; that there was no presumption that the plaintiff had in his possession any of the bills of sale, except the one given to him by Hayes ; that to enable the defendant to introduce secondary evidence of the contents of this bill of sale, he must have seasonably notified the plaintiff to produce it ; that he was not satisfied that such notice had been given ; that in relation to the other bill or bills of sale, no sufficient reason had been given for the introduction of secondary evidence of their contents ; and excluded the records and the testimony of the city clerk in relation thereto.

The plaintiff testified that Hayes was indebted to him at the time he took the bill of sale of the property ; that he understood that Hayes was financially embarrassed when he gave the bill of sale ; and that it was given because he insisted upon payment of his debt.   Hayes was never declared a bankrupt or insolvent, and there was no evidence that any bankruptcy or insolvency proceedings had ever been commenced either by himself or by his creditors.

The defendant asked the judge to instruct the jury, that if they believed Hayes was in failing circumstances at the time he made the bill of sale relied on, then they must find for the defendant.   The judge refused so to rule, and gave no instruction on insolvency or bankruptcy.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*W. H. Peirce*, for the defendant.

*M. Reed*, for the plaintiff, was not called upon.

BY THE COURT.   Assuming the bills of sale made three years before to be material to the issue on trial, no error is shown in the exclusion of secondary evidence of them.   Whether sufficient notice to produce the originals had been given, was a question of fact for the decision of the presiding judge.   The answer of the plaintiff's counsel to the request made at the beginning of the trial, " that the plaintiff did not have them in his posses-

sion," might well be understood to mean that he did not then have them with him.

The defendant not claiming under proceedings in bankruptcy or insolvency, no error is shown in the refusal or omission of instructions.                                     *Exceptions overruled.*