Hawes, J.
—This action is brought by the plaintiff, as president of the New York Association for the Protection of Game, to recover a penalty of defendant, for having in his possession certain game-birds during the period prohibited by law, and the only question contested was the identity of the defendant with the person admittedly guilty of the offense.
[After disposing of a minor exception the court say :] A witness was asked if he saw a billhead in the store, and what name was printed on it. This question was excluded, on the ground that it was not the best evidence, and that the billhead should be produced or its loss accounted for, and an exception *59 taken. This evidence was clearly material, as tending to connect the defendant with the party who was carrying on business there, and, its competency was therefore the only question involved.
The testimony offered clearly called for the contents of the billhead. And we are called upon to determine whether its contents could be established by parol, or whether the well-settled rules governing secondary evidence should prevail, which would compel the production of the original paper or its loss to be accounted for.
We are not prepared to say, in the absence of any proof whatever, that these billheads were not obtainable, there was a presumption that they were lost, and could not be produced, which would in itself justify secondary proof (see Yoter v. Sanno, 6 Watts, 164; Jackson v. Root, 18 Johns. 60; Chrysler v. Renois,43 N. Y. 209), although it would be quite difficult to say how it would be possible in the nature of things to produce the identical billhead seen by the witness, or even similar ones (for they were presumably in use at that time for temporary purposes of defendant’s business) assuming that their similarity could be established, and that such proof would be more satisfactory.
A more vital question, however, arises as to whether the plaintiff should be compelled to produce the original, assuming it to be in existence and even within his control. The billhead was in no sense the subject of the controversy, and was clearly collateral, being referred to as identifying the defendant with the place of business where the same was' sold, and in its purpose and intent was a distinct piece of evidence, and would come within the same rule as would permit the witness to give the name upon a sign or an inscription upon the wall of the store. I do not say that the same rule which would exclude the one would necessarily exclude the other, for the presumed impossibility of *60 procuring the one would not, perhaps, of necessity prevail as to the other, although they do not differ very much in that aspect; but I refer to it now only as determining the purpose for which the proof is offered. Assuming, therefore, that the truth or falsehood of the printing on the billhead is not in question, and that it is offered merely as showing the indications of defendant’s proprietorship of the place, it seems to me to come within an exception to the rule governing written evidence.
In the case of McFadden v. Kingsbury (11 Wend. 667) Ch. J. Savage says : “I have always understood the rule on this subject to be that parol evidence of the contents of papers may be given when they do not form the foundation of the cause, but merely relate to some collateral factand cites Southwick v. Stevens, 10 Johns. 443; Mumford v. Bowne, Anth. N. P. 56; Tucker v. Welsh, 17 Mass. 160,165. This ruling is sharply criticised in the notes to Phillips’ Evidence, 513, and is declared to be a “ startling proposition ;” but my examination of cases leads me to the belief that it is the established law of evidence, as well here as in Massachusetts, and I do not find it modified in any of the late cases.
In Grover v. Morris, 73 N. Y. 473, the action was brought to recover of the defendant the statutory penalty for selling lottery tickets, and secondary proof was offered as to what was written on the ticket, no effort being made to produce the ticket or to account for its loss. The court held that it was not error, inasmuch as the action was not founded upon any contract evidenced by the tickets or right thereunder, and substantially re-affirmed the doctrine laid down in McFadden v. Kingsbury (supra).
The ruling in that case was clearly upon that ground, and no other. It must be assumed, in any event, that the lottery ticket, or a similar one referred to in that *61 case, was much more easily procurable than the billhead in question which was in use at that particular moment in defendant’s business, and I assume that it will not be seriously claimed that the evidence in the former case developed any more difficulty in procuring the ticket than in the latter, the billhead. The ruling is substantially reaffirmed in Howe Machine Co. v. Pettibone, 74 N. Y. 68. The cases in Massachusetts are conclusive upon this question ; the case of Commonwealth v. Brown, 124 Mass. 318, is in point, and the opinion of the court expressly recognized the exceptional character of the evidence. See also Commonwealth v. Powers, 116 Mass. 337; Commonwealth v. Jennings, 107 Mass. 488.
It will be noticed that it is not the truth of what was on the handbills which was the subject of any controversy as representing an issue in the case, but merely the fact of the existence of the same, and this can be proved by any person who saw it (see Greenl. Ev. § 90, note c.)
If the principle above referred to is to be deemed the law in this State, it is unquestionable that this case falls within it; and I have been unable to discover that it has been modified. The judgment should be reversed with costs to appellant to abide the event.
On appeal to the general term of the N. Y. Court of Common Pleas, the decision of the city court was affirmed.