## COMMONWEALTH *vs.* ALBERT C. ANDREWS.

Essex.    November 3. — 4, 1886.    DEVENS, W. ALLEN, & GARDNER, JJ.,
                                   absent.

At the trial of a complaint for maintaining a tenement used for the illegal keeping
    and illegal sale of intoxicating liquors on February 13, 1886, and on other days
    between that day and March 26, 1886, the government may put in evidence
    applications in writing, signed by the defendant, dated January 8 and 14, 1886,
    for licenses to sell intoxicating liquors and as a common victualler in a building
    described as "being his place of business," the same being the premises described
    in the complaint.

At the trial of a complaint for maintaining a tenement used for the illegal keeping
    and illegal sale of intoxicating liquors, applications purporting to be signed
    by the defendant, for licenses to sell intoxicating liquors and as a common
    victualler at the premises described in the complaint, were offered in evidence.
    The clerk of the city to which the applications were made testified that he
    thought the signatures to the applications were those of the defendant; but,
    upon cross-examination, said that he would not swear that they were ; and the
    applications were admitted in evidence.   The defendant introduced in evidence
    a lease of said premises, signed by him.   The district attorney argued to the
    jury that the signatures to the applications and to the lease were in the same
    handwriting.   The applications and lease were submitted to the jury.   *Held,*
    that the defendant had no ground of exception.

COMPLAINT to the Police Court of Gloucester for keeping
and maintaining a common nuisance, to wit, a tenement in
Gloucester, used for the illegal keeping and illegal sale of in-
toxicating liquors, on February 13, 1886, and on divers other
days and times between that day and March 26, 1886.   Trial
in the Superior Court, before *Bacon,* J., who allowed a bill of
exceptions, in substance as follows :

The government, for the purpose of proving that the defend-
ant kept and maintained said tenement as alleged, called the city
clerk of Gloucester, who produced certain applications, dated
January 8 and 14, 1886, and purporting to be signed by the de-
fendant, for licenses to sell intoxicating liquors and as a common
victualler at said place, described as " being his place of business."
This witness testified that he thought the signatures to the appli-
cations were those of the defendant; but, upon cross-examination,
said that he would not swear that they were.

The defendant objected to the admission of these applications,
for the following reasons :   " 1. Because there was no sufficient

proof that they were signed or authorized by the defendant. 2. Because they were incompetent for any purpose." The judge admitted the evidence; and the defendant excepted.

The defendant introduced in evidence a lease of said premises, dated August 1, 1885, and signed by him. The district attorney argued to the jury that the signatures to the applications above referred to and to said lease were in the same handwriting. The applications and lease were taken by the jury to their room when they retired to consider the case.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. N. Woods & F. L. Evans*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. The applications by the defendant for licenses, as a common victualler and to sell intoxicating liquors, at the premises described in the complaint, were competent. They tended to show that he kept and maintained the premises at the dates of the applications and at the time named in the complaint, if the jury were satisfied, from all the evidence, that there had been no change in the mean time.

The city clerk, who, it must be assumed on this bill of exceptions, was shown to be familiar with the handwriting of the defendant so as to be competent to testify on the subject, testified that he thought the signatures to the applications were in the handwriting of the defendant. This is all he could testify to, unless he saw the defendant sign them. The fact that, upon cross-examination, he stated that he could not swear to the signatures, went to the weight of his testimony, but did not make it incompetent. The lease, the signature of which by the defendant was admitted, furnished a standard of comparison which was properly submitted to the jury, and the testimony of the city clerk, in connection with this lease, was properly submitted to the jury upon the question whether the defendant signed the applications.          *Exceptions overruled.*