See further, Kane v. Cortesey, 100 N. Y. 132; Tuska v. Eisner, 53 Supr. 442.

---

MILO A. DANIELS, Respondent, v. JOSEPH W. SMITH, Appellant.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Evidence. Parol.*—Parol evidence of the contents of a collateral order is competent, especially where a presumption arises from the lapse of time that the order is lost.
2. *Appeal. Findings.*—The doctrine as to findings on conflicting evidence, laid down in Roosa v. Smith, 17 Hun, 138, and followed in Wheeler v. Miller, 24 Id. 544, reiterated.

Appeal from judgment in favor of plaintiff, entered upon the report of a referee.

*McClellan & Brown*, for appellants.

*B. C. Strait (Orin Gambell*, of counsel), for respondent.

PUTNAM, J.—Plaintiff on the first day's hearing before the referee, testified that in the year 1873 he let defendant have $150 in money; that defendant borrowed it for three

days ; he was going to New York and wanted to borrow it for three days.    He, plaintiff, gave him an order on Mr. Clark and Mr. Clark let him have it.    It was due on plaintiff's house at that time.    Defendant gave him back a check for sixty dollars on account of the loan a few days afterwards, and the balance has not been paid.

The defendant denied that he ever borrowed the money of plaintiff, and on cross-examination testified that he did not remember of plaintiff's giving him an order on Clark. Clark was afterwards sworn and denied that plaintiff ever gave an order on him to defendant for $150, or that he ever paid such an order.    Defendant afterwards moved to strike out the evidence so given by plaintiff on the first hearing on the ground that it was secondary, and proving the contents of a writing by parol, which motion was denied by the referee.

We are unable to see any error in this ruling of the referee.    Conceding that it was improper to prove the contents of the written order by parol, yet it presumptively appeared on the examination of the plaintiff on the first day of the trial that the order was in writing and the defendant, if he wished to object, should have made the objection promptly. Defendant had not only allowed the contents of the order to be proved without objection, but had also by his witnesses endeavored to show that no such order was given and had made the order the subject of evidence offered by him.

But the plaintiff afterwards, by the witness, Catherine S. Daniels, proved the contents of the order, to which evidence defendant objected at the time it was received.    We think it was no error to receive parol evidence of the contents of the order.    The order was like a check on a bank.    The claim of plaintiff was that defendant received $150, and he received it by means of the order on Clark.    The action was not on the order but for the money received, hence, the order was collateral.    See Bowen *v.* National Bank of Newport, 11 Hun, 226, 228 ; McFadden *v.* Kingsbury, 11 Wend. 668–669.

Again, the order had been used twelve years or over before the trial. It had answered its purpose, and in such a case the presumption of loss from lapse of time arises and the court could properly receive proof of the contents without proof of the loss. Jackson *v*. Root, 18 Johns. 60 ; Chrysler *v*. Renois, 43 N. Y. 212. See also, Goodwin *v*. Mass. Life Ins. Co., 73 N. Y. 477, 480 ; Wilkinson *v*. Gill, 74 Id. 63; Roosevelt *v*. Eckard, 17 Abb. N. C. 60.

The appellant insists that the referee erred in his finding of fact that the plaintiff loaned defendant the sum of $150, inasmuch as if he did give the order above referred to, the evidence of Clark shows that he (Clark) never paid such an order to Smith, but that he paid all his rent to plaintiff. But plaintiff swears that he gave the order and that defendant did receive the money, and afterwards paid him on account of it sixty dollars, and that the balance remained unpaid. Plaintiff is corroborated as to the giving of the order by his wife.

This evidence is substantially denied by defendant and Clark. But it appears that defendant was an aged man, over seventy-seven years old, and that Clark was testifying about twelve years after an occurence to a matter at the time of no importance to him, that is, to whom he paid the $150, whether to plaintiff or defendant. The learned and experienced referee had the opportunity of seeing the witnesses severally and hearing the testimony, and could judge much better than can this appellate court what weight should attach to the testimony of each. He may have concluded from the appearance of defendant upon the stand that his memory had failed, and that he was not entitled to the same credit as a witness as was the plaintiff. He may have believed from the appearance of the plaintiff and his wife that they were more intelligent and entitled to more weight than the opposing witnesses.

It is conceded that the general term may examine questions of fact where the case has been tried by a referee, and

if satisfied that the findings are not in accordance with the truth, reverse the judgment. Finch *v.* Parker, 49 N. Y. 8, 9.

But it should be a reasonably clear case that would justify a reversal by the general term on a question of fact. In this case the referee believed the plaintiff's statements. We are unable to say that he did not come to a correct conclusion.

The objections at folios 122 and 123 were properly over-ruled. The witness was testifying from a memorandum, and was allowed to explain some ambiguous items in it. It was like asking a witness to explain what he meant by an ambiguous expression.

It was not erroneous for the referee to strike out the testimony of Cushot about the slabs bought of Rose. Such purchase could not affect the case before the referee.

We think the evidence received at folio 523, of Lilly, was properly admitted and not important.

The defendant further insists that the referee erred in his third and tenth findings of fact, and that such findings are each unsupported by and contrary to the evidence given in the case. We have examined the evidence with care, as well as the able brief presented by defendant's counsel. The testimony of the plaintiff in the case, if believed by the referee, would justify these findings.

He testified to the contract, the amount of his labor and materials for repairs, the value thereof, the amount of soft and hard timber sawed, the amount he had received therefor, the amount of repairs afterwards put on the mill, the amount of money and goods he let defendant have; that nothing had been paid to him ; that the rest of the sawing bill had been received by defendant; that defendant told him he had received it and it was satisfactory. The defendant, as a witness, contradicts the plaintiff. It was a question of veracity between the witnesses, and the referee believed the plaintiff. The evidence is not so clearly with either party that we can determine that the referee erred.

The doctrine that should govern us in such a case is so well stated in Roosa *v.* Smith, 17 Hun, 138, followed in Wheeler *v.* Miller, 24 Id. 544, that we can do no better in answer to the position taken by defendant than to quote a few sentences of the opinion delivered in that case, stating well-settled principles.

" The referee has seen the parties and their witnesses and heard their testimony given before him *viva voce;* he has estimated their frankness, honesty, intelligence, freedom from bias, and given credit or distrust as he thought, in these respects, the witnesses deserved; he has passed judgment upon their personal appearance, temper and manners while on the stand, and he has looked at all the reasonable probabilities suggested by his personal contact, so to speak, with the parties and witnesses and during their examination. From all this and more, that is imperceptible and intangible upon appeal, the referee has made up his mind where the right and the truth lies, and given judgment accordingly. * * * We have never supposed that a finding of a referee, without evidence, or clearly against a preponderance of evidence, was binding upon the general term. But we think it very clear that a general term cannot, in a doubtful case, upon conflicting evidence like the one under review, assume the place of the referee and determine from the mere reading of the evidence who has told the truth or is best entitled to credit."

We conclude that the judgment on the report of the referee should be affirmed, with costs.

LEARNED, P. J., and LANDON, J,, concur.

NOTE ON " PAROL EVIDENCE TO VARY COLLATERAL CONTRACTS."

The rule prohibiting the reception of parol evidence, varying or modifying a written agreement, does not apply to a collateral undertaking. Chapin *v.* Dobson, 78 N. Y. 74. The facts, in such case, are always open to inquiry and may be proved by parol. Id.

An oral promise to pay one's attorney and satisfy his lien, made to the assignee of the cause of action on executing a written assignment thereof, because required by the assignee as a condition of its purchase, is a valid, independent collateral agreement and may be proved though by parol. Dodge *v.* Zimmer, 110 N. Y. 43.

The rule, prohibiting oral evidence which varies the terms of a written contract, does not apply to separate independent collateral undertakings, Eighmie *v.* Taylor, 98 N. Y. 288; or where the original contract is verbal, and a part only reduced to writing. Id. But where it appears from an inspection of a written contract, read, it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation, that it was intended to express the whole contract, it will be conclusively presumed to do so, and oral evidence can not be resorted to, to prove that there was a stipulation or an undertaking necessarily connected with, and one of the elements of, the contract but not contained therein. Id.

The rule that a written contract cannot be varied by parol evidence, does not apply in an action between a party and one not a party to the contract. Lipski *v.* Peth, 57 Hun, 586.

A written contract is not conclusive, where one party to the action is neither party nor privy to such contract, nor where it does not purport to contain the entire agreement. Condict *v.* Cowdrey, 123 N. Y. 463.

As between a party to an instrument and a stranger, either can give parol testimony different from the contents of the instrument. Berry *v.* Brown, 22 W. Dig. 103.