COMMONWEALTH *vs.* THOMAS J. SULLIVAN.

Norfolk.    March 28, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Evidence — License — Owner of Premises — Matter of Discretion.*

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors, acts done by another upon the defendant's premises with the apparent purpose of concealing the liquor from the officers are competent, as furnishing some reason to infer that he was acting in the defendant's interests, under his employment; especially when taken in connection with the subsequent evidence, that he was with the defendant when the latter applied for a license to keep the premises as a hotel.

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors, testimony of an officer that he found empty lager beer bottles on the premises which were not there at the time of the former seizure, a little over a month previous, is admissible, as having a tendency to show a replenishing of the stock, and to support the charge of the indictment.

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors between April 1 and the first Monday of September, 1891, evidence that the defendant applied for and obtained a license some time in April is competent to identify him as keeper of the premises.

Whether sufficient notice has been given to warrant the introduction of secondary evidence of an innholder's license is a preliminary question of fact for the presiding justice to determine, and his finding is not subject to exception.

INDICTMENT for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors between April 1 and the first Monday of September, 1891.

At the trial in the Superior Court, before *Sherman*, J., it appeared that one Bailey, a police officer, went with other officers to a hotel in Weymouth, called the "Allen House," with a warrant to search for intoxicating liquors, on July 8, 1891; that in the bar-room they found some empty lager beer bottles, glasses, and other utensils; that as they approached the house one O'Brien ran from the yard into the hotel; that they forced in the door, which was fastened, and heard some one go up stairs, and that subsequently O'Brien came down into the bar-room and remained while they continued the search; that in a chamber

of the hotel they found considerable liquor, which they seized and took away; that Bailey went again on August 19, and found empty lager beer bottles in the stable, which bottles were not there when he searched on July 8; that he did not see the defendant on either occasion, and saw no sign indicating who was proprietor; that two officers corroborated Bailey's evidence; that they did not see the defendant there upon either occasion; that one of the officers saw the defendant upon the piazza in his shirt sleeves on several occasions between the dates in the indictment; that one Nash, clerk of the selectmen of Weymouth, and one of the board, testified that in April, 1891, the defendant with O'Brien came to the town hall when the board was in session, and said that he was proprietor of the Allen House, and wanted an innholder's license for the hotel; that, it appearing that a license or paper was delivered to the defendant, the district attorney asked the defendant's counsel to produce it, saying that he had given a previous notice so to do, and the defendant's counsel denied receiving any such notice, and did not produce the paper; and that the court subsequently allowed secondary evidence to be introduced, to prove that the paper was an innholder's license, issued to the defendant in May, for one year, for the Allen House.

The defendant asked the court to rule that there was not sufficient legal evidence to justify the jury in finding the defendant guilty. The court declined so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. F. Naphen,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

ALLEN, J. 1. O'Brien's acts upon the defendant's premises were competent, as furnishing some reason to infer that he was acting in the defendant's interests, under his employment; especially when taken in connection with the subsequent evidence that he was with the defendant when the latter applied for a license to keep the premises in question as a hotel. *Commonwealth* v. *Locke,* 145 Mass. 401.

2. Bailey's testimony that empty lager beer bottles were found on August 19th, which were not there on July 8th, had

some tendency to show a replenishing of the stock after the former seizure, and to support the charge of the indictment.

3. It was competent to show that the defendant applied for and obtained a license, to identify him as keeper of the premises. *Commonwealth* v. *Andrews*, 143 Mass. 23. *Commonwealth* v. *Brown*, 124 Mass. 318.

4. It was for the court to determine whether sufficient notice had been given to warrant the introduction of secondary evidence of the license. This was a preliminary question of fact, and we are unable to say that the determination of the court that sufficient notice had been given was wrong. *Smith* v. *Brown*, 151 Mass. 338, 340. *Commonwealth* v. *Robinson*, 146 Mass. 571, 580, 581, and cases there cited.

*Exceptions overruled.*