[Crim. No. 746.   Third Appellate District.—December 20, 1923.]

## In the Matter of the Application of JACK SOUZA for a Writ of Habeas Corpus.

[1] INTOXICATING LIQUORS — SALE BY AGENT — KNOWLEDGE OF PRINCIPAL—CRIMINAL LIABILITY.—While the mere sale of intoxicating liquor by an agent is not sufficient, in and of itself, to warrant a conviction of the principal, if the attending circumstances are such that the court or jury may reasonably infer that the sale was made with the consent or knowledge of the principal, then, and in that case, he is equally guilty with the agent and may be held criminally liable.

[2] ID.—SALES BY BARTENDER—CRIMINAL LIABILITY OF PROPRIETOR—PROBABLE CAUSE.—On a proceeding before a committing magistrate, where it is shown that defendant applied for and obtained a license to conduct a soft-drink establishment at a given location, that thereafter, and while said license was in full force and effect, two officers visited the establishment and found in the place a bar behind which was a man engaged in dispensing soft drinks, and that, in response to their request, each of said officers was served with a drink of liquor known as and called jackass brandy, which, upon analysis, was found to contain 26.26 per cent of alcohol by volume, there is probable cause for holding defendant to answer the charge of selling liquor in violation of the Wright Act.

---

1. Criminal liability for violation of liquor law by partner, servant, or agent, notes, 41 L. R. A. 661; 16 L. R. A. (N. S.) 786; 20 L. R. A. (N. S.) 321; 33 L. R. A. (N. S.) 419.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody for a violation of the Wright Act. Writ discharged.

The facts are stated in the opinion of the court.

Neil McAllister and Clifford A. Russell for Petitioner.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, J. J. Henderson, District Attorney, and Wm. V. Cowan, Assistant District Attorney, for Respondent.

PLUMMER, J.—On the fifth day of October, 1923, the petitioner was bound over to the superior court of the county of Sacramento by the police judge of the city of Sacramento to answer the charge of selling liquor in violation of what is generally known and called the Wright Act (Stats. 1921, p. 79). The petitioner seeks his discharge herein on the ground that he was held to answer for such alleged offense without probable cause, basing his petition upon subdivision 7 of section 1487 of the Penal Code.

The testimony, as set out in the transcript, shows the following state of facts: During the month of July, 1923, the defendant applied to the proper officers of the city of Sacramento for and obtained a license for conducting a soft-drink establishment at 218 L Street, in the city of Sacramento; that this license was in full force and effect at the time of the alleged offense for which petitioner was arrested; that on or about the third day of September, 1923, at about 7:30 P. M., two officers visited the establishment just referred to and found in the place a bar behind which was a man engaged in dispensing soft drinks. The two officers referred to requested that they be served with something stronger than soft drinks and, in response to such request, each of said officers was served with a drink of liquor known as and called jackass brandy. A portion of the drink so served was retained by the officers and upon being analyzed was found to contain 26.26 per cent of alcohol by volume, which is considerably more than the quantity allowed by law.

At the time the officers visited the place of business referred to the defendant was not present and the charge

against him is founded upon the theory that the principal, under such circumstances, is chargeable for the act of his agent, and that the circumstances tend to show that the agent was acting within the scope and authority of his employment and, therefore, with the consent of the principal.

The question before the court is not whether the evidence in this case is sufficient to warrant a conviction, but, simply whether there is sufficient testimony to justify the committing magistrate in coming to the conclusion that probable cause existed for believing the defendant guilty. That the crime was committed by the bartender is without question and the only fact remaining is, is there sufficient evidence to indicate that he was acting in the capacity of the defendant's agent and not simply on his own responsibility?, [1] The law seems to be well settled that in such cases the mere sale of intoxicating liquor by an agent is not sufficient, in and of itself, to warrant a conviction of the principal, but if the attendant circumstances are such that the court or jury may reasonably infer that the sale was made with the consent or knowledge of the principal, then, and in that case, he is equally guilty with the agent and may be held criminally liable.

In the first place, as we have seen, the testimony shows that the petitioner applied for and had issued to him, and was in the possession of, a license to conduct a soft-drink establishment at 218 L Street, in the city of Sacramento, county of Sacramento, at the date of the alleged offense.

"Evidence that defendant had previously applied for or obtained a license to sell liquor at the place in question is admissible as tending to show him to be the keeper or proprietor of the place." (*Commonwealth* v. *Sullivan,* 156 Mass. 229 [30 N. E. 1023]; *Commonwealth* v. *Andrews,* 143 Mass. 23 [8 N. E. 643]; *Commonwealth* v. *Brown,* 124 Mass. 318.)

Whether such testimony is sufficient to establish the fact of proprietorship beyond a reasonable doubt is wholly immaterial upon this inquiry, or, upon the inquiry conducted by the committing magistrate; it is, however, testimony tending to show the fact of proprietorship and, therefore, measures up to the requirement of the statute specifying probable cause.

Now, let us reason a little on the question of probabilities. According to the usual course of business, the proprietor of an establishment is the owner who places others in charge thereof. It is possible that the man denominated by the witnesses as a bartender, as the one who dispensed drinks, was an interloper, but that conclusion is not probable. It is also possible that the bartender in charge of the establishment, for which we have seen another held a license to conduct the same, and, therefore, may be held to be the proprietor, was doing business upon his own responsibility and not upon the responsibility of the proprietor. But this again is not probable. It is possible that the bartender brought the jackass brandy to the place of business, which the testimony tends to show was conducted by another and kept the brandy there for sale for his own personal benefit, but this again is not probable. The usual and ordinary course of business is for the agent, clerk, or bartender, or by whatever name the person may be known, to sell those articles at the place of business that have been supplied by the proprietor thereof. Unless there is something appearing to the contrary, we think it reasonable to conclude that the usual and ordinary course of business has been followed and that, under such circumstances, the requirement of the Penal Code has been met.

In *Knight* v. *Commonwealth*, 194 Ky. 563 [240 S. W. 40], in considering a somewhat similar case, the supreme court of Kentucky used the following language: ''It cannot be questioned that a principal can be subject to penal prosecution and punishment for an offense against the penal or criminal law of the state committed by his agent acting by his authority or approval, or within the scope of his employment. Nor is it necessary to prove express consent of the principal to the agent's illegal act. The assent of the former may be shown by any competent evidence to that effect; and proof of the fact that the illegal act was committed by the agent in the principal's place of business and in the conduct of his business has been held sufficient, in most circumstances, to make out a *prima facie* case of implied authority.'' The facts in that case are strikingly similar to those in the case at bar, to wit: ''It appears from the testimony of the two witnesses named that the appellant owns and conducts a store in the village

of Knightsburg, Muhlenburg County, in which are kept and sold such articles of general merchandise as are usually handled in a village store. Schmidt and Blythe in July or August, 1921, went together to the store, and upon entering, the former, in an open manner and in an ordinary tone of voice, made known to a young man in charge of the store, and then standing behind one of its counters, that he wished to purchase a quart of whisky, whereupon the man thus addressed produced from behind the counter a glass fruit jar containing a quart of 'moonshine' whisky, which in the presence of Blythe he sold and delivered to Schmidt at the agreed price of $5, which sum the latter did not at that time pay, but then agreed to pay later. Following his purchase of the whisky, Schmidt carried it away from the store accompanied by Blythe, but he failed to state, nor was he asked, whether he afterwards paid for it, or, if so, to whom the payment was made. Though Schmidt and Blythe positively testified that the man from whom the former purchased the whisky was in charge of the appellant's store, both professed to be unacquainted with him and claimed that his name was unknown to them. Both also testified that they and the vendor of the whisky were the only persons in the store when the sale of the whisky took place.''

This case was decided in April, 1922, and was before the court upon a judgment of conviction and, while the judgment was reversed on account of an error in the instructions given by the court, the supreme court of Kentucky, nevertheless, held that the trial court was correct in refusing to instruct the jury to bring in a verdict of not guilty on the testimony just referred to. It will be seen that the sale of the whisky in the Knight case was made at an ordinary country store where articles of merchandise were kept, as is common in establishments of that kind. In *Elliott* v. *State*, 19 Ariz. 1 [164 Pac. 1179], the proprietor of a soft-drink establishment was held liable for the sale of liquor by his agent, or the one in charge of the establishment. In that case it was held that the principal would not be liable unless the sale was made by his direction or knowingly assented to or acquiesced in by him, but that such knowledge, direction, or acquiescence might be shown by the circumstances. It appears in that case that the real testimony upon which

the defendant was held was the fact of sales made by the agent or the person called the bartender, both before and after the sale of the offense charged in the information. This is for the purpose of showing the course or conduct of the business. In Annotated Cases 1912A, 1109, are collected a large number of cases on the subject of the liability of a principal for the illegal sale of intoxicating liquor by his servant, one line of authorities holding that in the absence of an express statutory provision to the contrary, a person licensed by the state to sell intoxicating liquors is not criminally liable for illegal sales made by a servant without authority and against his positive instructions; and, also, another line of authorities holding that a licensee is absolutely liable for illegal sales of liquor made by his servant, and that his instructions to the servant not to make such sales are immaterial on the question of his liability. These cases are all arising after judgment of conviction in the trial court and necessarily differ in principle from the question with which we are now dealing. In the cases which we have cited, the liability of the principal for the act of the agent depended upon whether there was testimony sufficient to show the principal guilty beyond a reasonable doubt. With this we are not concerned. It is only, does the testimony which we have referred to raise a probability of the defendant's guilt. The fact that the courts are so evenly divided upon whether such testimony does or does not show the defendant's guilt beyond a reasonable doubt is certainly sufficient to justify the holding that such testimony does raise a reasonable probability of the principal's guilt. The Kentucky case is but a trifle stronger, if any, than the evidence introduced against the petitioner herein and in that case the supreme court held that the trial court was not in error in refusing to direct an acquittal. If such testimony is sufficient to go to the jury and support a verdict it is surely sufficient to justify a committing magistrate in holding that probable cause has been shown. Probable cause has been defined as "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt." [2] Following the usual and ordinary course of business there was sufficient testimony to induce in the mind of the committing magistrate the belief that the man

who held a license for the establishment conducted at 218
L Street, in the city of Sacramento, county of Sacramento,
was a proprietor; that the person found in charge thereof
and acting as barkeeper was placed there by him; that
the goods being sold were articles of merchandise placed
there for that purpose by the proprietor; and that what-
ever was done by the person so placed in charge was at the
instance, knowledge, and acquiescence of the owner thereof.
We therefore conclude, even though we are satisfied that
the prosecuting officers might by the introduction of a little
more evidence have obviated this proceeding, that prob-
able cause has been shown, and that the petitioner's appli-
cation for discharge herein should be denied, and it is so
ordered. Writ discharged.

Hart, J., and Finch, P. J., concurred.