BOND v. STATE OF INDIANA.

[No. 25,204. Filed October 14, 1927.]

1. CRIMINAL LAW.—*Overruling motion to quash must be assigned as error on appeal.*—Error in overruling a motion to quash an affidavit is not a proper cause for a new trial, but must be assigned as a separate error on appeal. p. 486.

2. CRIMINAL LAW.—*Review of ruling on motion to suppress evidence.*—Error in overruling a motion to suppress evidence will not be reviewed on appeal where the record does not show any ruling on the motion. p 486.

3. CRIMINAL LAW.—*Review of ruling on admission of evidence.*—Alleged error in admitting testimony of certain witness not considered when record does not show that he was a witness. p. 486.

4. CRIMINAL LAW.—*Testimony objected to held harmless.*—In trial for having possession and sale of intoxicating liquor, the admission of testimony that witness was twenty years old and was still in high school could not have been harmful to defendant. p. 486.

5. INTOXICATING LIQUORS.—*When agent's sale may justify conviction of principal.*—The mere selling of intoxicating liquor by an agent is not sufficient to warrant the conviction of the principal, but, if the circumstances are such that it may be inferred that the sale was made with the consent or knowledge of the principal, then he may be found guilty along with the agent. p. 487.

6. INTOXICATING LIQUORS.—*Sale by clerk in absence of proprietor held to sustain conviction.*—A sale of intoxicating liquor by defendant's

clerk, in his absence, may justify his conviction where uncontradicted testimony showed that the defendant had been selling liquor in the store and that the clerk placed the money received for the liquor in the cash register and handed the purchaser some change. p. 487.

7. INTOXICATING LIQUORS.—*Time of commission of offense not essence of charge so as to require proof as charged.*—Time is not of the essence of the offense of selling intoxicating liquor and maintaining liquor nuisance, except that the commission of the offense must be before the filing of the affidavit and within the statute of limitations, and the exact date charged need not be proved. p. 488.

8. INTOXICATING LIQUORS.—Federal prohibition agent's purchase of intoxicating liquor did not constitute search of seller's premises and seizure of his property. p. 488.

9. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction of having unlawful possession of intoxicating liquor and maintaining liquor nuisance. p. 488.

10. CRIMINAL LAW.—*Matters not covered by motion for new trial not considered on appeal.*—Where the only error assigned is the overruling of appellant's motion for a new trial, matters which are not covered by the motion for a new trial will not be considered on appeal. p. 489.

From Marion Criminal Court (59,889); *Frank A. Symmes,* Judge *pro tem.*

Leo Bond was convicted of possessing and selling intoxicating liquor and maintaining a liquor nuisance, and he appeals. *Affirmed.*

*Joseph K. Brown,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Bernard A. Kiltner,* for the State.

GEMMILL, J.—Appellant was prosecuted on an affidavit in three counts, in which he was charged with unlawful possession of intoxicating liquor, unlawful sale of intoxicating liquor, and maintaining a common nuisance, in violation of §§4 and 24, ch. 48, Acts 1925. The trial was by the court without a jury. He was found guilty on each count and a judgment of fine and imprisonment was rendered against him for each offense. He has assigned as error the overruling of his motion for a new trial.

One of the causes for a new trial was that the court erred in overruling a motion to quash the affidavit. This cause cannot be considered, as it should

1. have been presented as a separate assignment of error.

A motion was filed by appellant to suppress and reject the evidence of two witnesses named therein. It is claimed that the court erred in overruling same.

2. The record does not show any ruling on this motion. In the absence of such ruling from the record, appellant cannot raise any question in regard to it.

It is stated that the court erred twice in per-

3. mitting Roy Hallipeter to give certain testimony. The record does not show that this party was a witness.

Another reason for a new trial was surprise which ordinary prudence could not have guarded against in regard to the evidence of Charles McMurray.

4. This witness answered only two questions. He testified that he was twenty years old and had not quit a named high school. Appellant could not have been harmed by this testimony.

The appellant insisted that the finding of the court was not sustained by sufficient evidence. And in connection therewith, he contended that the evidence was incompetent which showed that a pint of gin was sold by Charles McMurray, a clerk in appellant's drug store, when appellant was not present; as it was not shown that he consented, commanded, aided or abetted therein. In *Thompson* v. *State* (1920), 189 Ind. 182, 125 N. E. 641, the court said: "In order to sustain a conviction against appellant Thompson it was necessary for the state to prove complicity between him and his servant, Willingham, in the illegal sale made by the latter. If appellant aided or abetted his servant in doing the un-

lawful acts which constitute the misdemeanor charged, or if he counseled, encouraged, hired, commanded, directed or otherwise induced him to do such act, he is guilty of the commission of the misdemeanor charged as a principal." The court also said:. "For the purpose of showing that the appellant Thompson furnished the whisky, the sale of which by his servant constituted the *corpus delicti* of the offense charged, and that he encouraged, directed, hired or commanded his servant to make the sale in question, it was competent to prove a state of facts and circumstances from which his participation or complicity in the sale by his servant might be rightly and reasonably inferred."

The mere selling of intoxicating liquor by an agent is not sufficient to warrant a conviction of the principal, but if the circumstances are such that it may be inferred that the sale was made with the consent or knowledge of the principal, then he is equally guilty with the agent, and may be criminally liable. *In re Souza* (1923), 65 Cal. App. 9, 222 Pac. 869. Where evidence shows that a bartender sold beer and whisky in defendant's barroom and placed the money in defendant's cash register, and that other liquor belonging to defendant was on the premises, inference is warranted that the bartender was defendant's representative, although the defendant was not present. *Ferry* v. *United States* (1923), 292 Fed. 583.

In the instant case, part of the evidence of one of the purchasers was as follows: "I leaned over the edge of the counter and asked Charles for a pint of gin. He said, 'I don't know you.' I said, 'I don't know you either. It is mutual.' He said, 'Has Leo been selling you?' I said, 'No sir, a man I saw.' I said, 'I will wait until Leo comes back.' I asked what time he would be back and he said 'About nine o'clock.' I looked at the clock. It was about nine-twenty and I called his at-

tention to it and he went over to the window and looked out and said, 'I don't want to keep you waiting,' and he went and mixed up the gin and brought it out." He also testified that the clerk put the money in the cash register, and handed the purchaser his change. And, on cross-examination, he said the clerk mixed the gin in front of the witness. The evidence in regard to the sale of intoxicating liquor by the clerk was competent. There was also competent evidence that at the same place on December 3, 1925, the appellant made a sale of four drinks of gin and one-half pint of gin. It is not denied that the clerk made the sale of gin as charged in the affidavit, and that appellant made a sale of gin nine days previously. The conversation of the clerk indicated that appellant had been making sales of liquor. The sale by the clerk was openly made. It may be inferred that as appellant was the owner of the drug store, and from other circumstances, that he was the owner of the gin which the clerk sold.

In *Ferry* v. *United States; supra,* the court said that the money paid for the liquor was placed in the cash register, and presumably that registered money eventually reached the appellant, who was the proprietor.

7-9. From the facts in evidence, the complicity of the appellant in the sale by the clerk may be rightly and reasonably inferred. The affidavit charged that the three offenses were committed on December 26, 1925. The affidavit was executed and filed on December 28, 1925. The sale of intoxicating liquor made by the clerk was on December 12, 1925. There was no evidence that a sale was made on December 26. Time is not of the essence of the offense charged, except that the time of the charge of the offense must be before the presentment of the affidavit and within the statute of limitations. *Terrell* v. *State* (1905), 165 Ind. 443, 75 N. E. 884; *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 1; *Coger* v.

*State* (1925), 196 Ind. 332, 147 N. E. 624.   The purchase of intoxicating liquor by federal prohibition agents did not constitute a search of appellant's premises and a seizure of his property.   The evidence was sufficient to sustain the finding of the court on each count of. the affidavit.   It does not appear that the finding of the court was contrary to law.

Under appellant's points and authorities, several matters are presented which are not covered by his motion for a new trial.   Same cannot be considered.

10.   The ruling of the court on the motion for a new trial was not erroneous.

Judgment affirmed.