No. 967          Southern          Bristol, ss.

## FIDELITY & DEPOSIT CO. OF MARYLAND
           (Cook, Brownell, Taber and Sherman)

v. FREITAS            (Joseph F. Francis)

From the Third District Court of Bristol—Barnet, J.
Argued Feb. 11, 1942—Opinion filed Mar. 11, 1942

BRIGGS, J. (Estes, A. P. J., and Rollins, J.)—This is an action of contract in which the plaintiff seeks to recover for loss incurred by it as surety for the defendant on a surety bond issued by it resulting from alleged acts of fraud and dishonesty committed by the defendant while in the employ of the Toledo Scale Company. The answer is a general denial, and the defendant further pleaded an equitable defense denying that he had committed any acts of fraud or dishonesty, and set forth further that the Toledo Scale Company owed him commissions and credits and monies paid by him for the benefit of said company in an amount greater than the sum claimed by the plaintiff, which amounts extinguished the claim of the Toledo Scale Company against the defendant.

The plaintiff introduced as evidence the bond, the application of the defendant to be included under the general bond, a proof of loss and a claim draft.

The pertinent part of the defendant's application for coverage under the bond provides:

THIRD, that the Company (i. e. the plaintiff) shall have the right, and is hereby authorized, but not required; (a) to adjust, settle or compromise any claim, demand, suit or judgment upon said bond, unless the undersigned shall request the

company to litigate such claim or demand or defend such suit or to appeal from such judgment, and shall deposit with the company collateral satisfactory to it in kind and amount; and (b) to fill up any blank or blanks left herein, and to correct any errors in filling up any such blank or blanks, it being hereby agreed that any such insertion or correction shall be prima facie correct; FOURTH: that in event of payment, settlement or compromise in good faith, of liability, loss, costs, damages, attorneys' fees and expenses, claims, demands, suits and judgments as aforesaid, an itemized statement thereof, sworn to by any officer of the company, or the voucher or vouchers or other evidence of such payment or settlement or compromise shall be prima facie evidence of the fact and extent of the liability of the undersigned in any claim or suit hereunder."

The evidence does not disclose any request to litigate made by the defendant, nor the offer to deposit the collateral.

In the course of the trial the defendant was asked certain questions by his counsel. Objection was made by the attorney for the plaintiff. The following are the questions and the action of the Court thereon, and the claim for report:

1. Were you ever notified by the plaintiff that you were bonded or that your application for a bond was accepted.

No.

2. On receipt of a letter (Exhibit 8) from the plaintiff notifying you of the demand made upon them by the Toledo Scale Company under your bond in amount of $299.18 what, if anything, did you do?

I wrote to the Boston office.

3. Have you a copy of your letter?

No.

(The defendant's attorney then asked the counsel for the plaintiff whether they had any such letter and the answer was that they had not.

It did not appear that any previous requests had been made to the attorneys to produce such a letter.)

4. Will you state the contents of that letter?

(Upon objection of counsel for the plaintiff the question was ruled out and a report was requested.)

5. After receiving the letter of November 8, 1937, from the plaintiff, indicating that the Toledo Scale Company had made claim for $299.18, did you notify the plaintiff that you had a claim against the Toledo Scale Company?

(Objection was made by the counsel for the plaintiff and the objection was sustained. The defendant claimed a report.)

6. After receiving the letter of November 8, 1937, from the plaintiff, indicating that the Toledo Scale Company had made claim for $299.18, did you notify the plaintiff that you had a claim against the Toledo Scale Company, and did you

also notify them not to pay the claim of the Toledo Scale Company?

· (Plaintiff's counsel objected to the question—objection was sustained an a report claimed by the defendant.)

7. At the time you were notified by the plaintiff that demand had been made upon them by your former employer, was the Toledo Scale Mfg. Co. indebted to you?

(Plaintiff's counsel objected—objection sustained and a report claimed.)

8. Tell the Court just what your claims were against the company, and how much they owed you and for what.

(Objection was made by counsel for plaintiff—objection sustained and report claimed by the defendant.)

Upon plaintiff's objection to question 4 above the defendant made an offer of proof that by such question and answer thereto he expected the answer that the witness notified the plaintiff that he had a claim against the Toledo Scale Company in excess of $299.18 and that he notified the plaintiff not to pay the Toledo Scale Company any amount over the bond.

Upon plaintiff's objection to question 5 above the defendant made an offer of proof that by such question and answer thereto he expected the answer that the witness notified the plaintiff that he had a claim against the Toledo Scale Company in excess of $299.18 and that he notified the plaintiff not to pay the Toledo Scale Company any amount over the bond.

Upon plaintiff's objection to question 6 above the defendant made an offer of proof that by such question and answer thereto he expected the answer that the witness notified the plaintiff that he had a claim against the Toledo Scale Company in excess of $299.18 and that he notified the plaintiff not to pay the Toledo Scale Company any amount over the bond.

Upon plaintiff's objection to question 7 above the defendant made an offer of proof that by such question of answer he expected the witness to answer yes.

Upon plaintiff's objection to question 8 above the defendant made an offer of proof that by such question and answer thereto he expected the witness to answer that the Toledo Scale Company owed him either $159.00 or $187.00 for commissions and the Toledo Scale Company also owed him for trade-in scales valued at $60, one trade-in meat grinder valued at $5, one trade-in meat grinder valued at $35, and $8 for kerosene, $18 for a floor brush, lamps, fixtures, bulbs and extension wires, $7.50 for linoleum and $60 for a heater purchased for the New Bedford office of the Toledo Scale Company.

The following question was also asked of the defendant by his counsel.

"Did you commit any acts of fraud or dishonesty while in the employ of the Toledo Scale Company?"

Objection was made by the Counsel for the plaintiff and the objection was sustained. The defendant made an offer of proof that by such question and answer thereto he expected the answer that the witness never committed any acts of fraud the answer that the witness never committed any acts of fraud pany. The defendant thereupon claimed a report.

The plaintiff filed the following request for rulings of law all of which were allowed:

## PLAINTIFF'S REQUESTS FOR RULINGS

1. The so-called equitable defenses contained in the defendant's answer do not constitute a defense to this action.

2. The defendant cannot assert as a defense in this action any claims which he may claim to have against Toledo Scale Company.

3. The plaintiff was authorized by the terms of the defendant's application dated September 23, 1936, to pay the claim of Toledo Scale Company which is the basis of this action unless the defendant requested the plaintiff to litigate such claim or demand, and unless the defendant deposited with the plaintiff collateral satisfactory to the plaintiff in kind and amount.

4. There is no evidence that the defendant requested the plaintiff to litigate, the claim or demand of Toledo Scale Company and deposited with the plaintiff collateral satisfactory to it in kind and amount.

5. In this action an itemized statement of an officer of Toledo Scale Company or the voucher or vouchers or other evidence of the payment of the claim of Toledo Scale Company is prima facie evidence of the fact and extent of the liability of the defendant.

The Court found for the plaintiff, and the defendant, claiming to be aggrieved by the exclusion of the evidence offered by him and by the allowance of the rulings presented by the plaintiff, requests this report.

We find no error in the exclusion of evidence. If an instrument to be produced is in the hands of the adverse party, notice must be given to produce it before secondary evidence of its contents can be introduced.

Whether sufficient notice to produce the original letter had been given was a question of fact for the decision of the presiding judge. *Bourne* v. *Buffington*, 125 Mass. 481.

Question 1 was immaterial on the evidence presented and although neither objected to nor excluded it had no bearing on the issues. No requirement was shown that the defendant be notified of the acceptance of his application.

Questions 4, 5 and 6 were properly excluded. Reference to question 3 discloses no basis for the introduction of secondary evidence. It did not appear that any previous request had been made to the attorneys to produce such a letter.

It was merely an attempt to prove indirectly the contents of the letter claimed to have been sent. *Bourne* v. *Buffington, supra. Commonwealth* v. *Sullivan,* 156 Mass. 229.

Questions 7 and 8 were properly excluded in view of the third clause of the defendant's application. This application provided the procedure to be followed in case the defendant desired to litigate his liability. It was found that the evidence did not disclose any such request made by the defendant, nor any offer to deposit satisfactory collateral. These requirements constituted conditions precedent to the assertion of the defenses claimed by the defendant.

Rulings 1, 2, 3 and 4 were properly granted. They are controlled by the findings made and by the provisions of the application. The defendant is bound by its content.

By granting the fourth request the Court in effect found that there was neither evidence that the defendant requested the plaintiff to litigate the claim of the Toledo Scale Company nor that he deposited with the plaintiff collateral satisfactory to it in kind and amount. See *Grandlund* v. *Saraf,* 263 Mass. 76.

Under clause 4 of the application it was provided that a voucher of payment would constitute prima facie evidence of the fact and extent of the liability. This provision is valid and reasonable. It was not error to grant request numbered 5. *American Bonding Company of Baltimore* v. *Alcatraz Construction Co.,* C. C. A. 2nd Cir. 202 Fed. 483.

No error appearing, the entry will be,

*Report dismissed.*