## BARADA & BARADA vs. THE STATE.

The defendants were indicted jointly, for permitting gaming in a house occupied by them. The jury assessed a fine of fifty dollars against the two. A joint judgment was rendered against them for the amount of the verdict.

Held that if any error was committed by the court in entering a joint judgment against the defendants, it was in their favor, and they have no right to complain.

### APPEAL FROM BUCHANAN CIRCUIT COURT.

#### STATEMENT OF THE CASE.

This is an indictment against the defendants, and one other person jointly, for permitting gaming in a building of which they had the possession and control. The defendants were found guilty by a jury, and a joint fine of fifty dollars was assessed against them.

EDWARDS and JONES, for appellants.

1. The verdict and judgment of the court below, are joint against both defendants, when they should have been several and separate against each defendant. (10 Mo. Rep. 440, State vs. Gay et al.)

2. The offence in the indictment, must be proved as laid. (Archibold crim. Pl. 98—9.)

The evidence does not show that a pack of playing cards was even set up, or used in any building by any person, for the purpose of playing games of chance, for money, or property, or that any money or property, was ever bet on any game of chance at any time, by any person, or that any game was ever played in a building under the control or in possession of said defendants, or either of them; therefore the verdict and judgment of the court below, are contrary to law and evidence.

3. The witnesses speak of having seen gaming or gambling in a building, without stating the facts and circumstances which constitute an act of gaming, and its kind. The word gaming

has an extensive legal meaning, and includes all the various kinds of games known to the law; such as E. O. Rolette, Chuckerluck, Cribbage, Faro bank, Horse racing, &c., &c. The indictment charges, that defendants permitted a particular kind of device to be set up and used, yet the court and jury were not informed, by the witnesses, whether the kind of device, mentioned in the indictment, was used or not. To permit the judgment of the court below, to stand, would be equivalent to saying, that a man might be indicted for stealing a horse, and that if a witness was to state on the trial, that he had committed larceny; that the evidence would be sufficient to warrant a conviction, without the witness stating the facts and circumstances necessary to show that an act of larceny had been committed, and its kind.

4. To constitute an act of gaming, there must be persons to play, and they must play some game of chance for money, or property, and these are things that must be proved.

5. The evidence clearly shows, that neither of said defendants had possession or control of the building spoken of.

ROBARDS, Atty. Genl. for the State.

1. The act of permitting games of chance to be played in a building possessed by several persons, or under their control, is a joint offence for which they may be jointly indicted.  10 Mo. Rep. 441.

2. Though this is a joint verdict against the defendants, it should stand: 1st. Because no motion was made to set it aside, because it was a joint verdict.  2nd. Because the fine assessed against both, is the least that could, by law, be assessed against each, and is more favorable to them than the law ever contemplated.  Mo. Digest 906; 8 Mo. Rep. 64—128.

3. There was no objection made to the giving or refusing of instructions, nor to the admission or rejection of evidence, and this court cannot look into such matters: neither can a motion for a new trial bring these questions before the court.  10 Mo. Rep. 515.

4. The evidence warrants the finding of the jury, and this court will not interfere with the verdicts of juries except in very palpable cases.  10 Mo. Rep. 676, 9 Mo. Rep. 50.

5. If there was any error committed in the court below, it was because the verdict was joint.  This error, if any, is in favor of the defendants, and cannot be a source of com plaint by them in this court.  7 Mo. Rep. 569, 9 Mo. Rep. 636.

RYLAND, Judge, delivered the opinion of the court:

This was an indictment against the defendants, Edmund Barada, Isadore Barada & Alexander Constant, for keeping a gaming house, &c., found by the grand jury in Buchanan county, at the March term 1848, of the circuit court for said county.

The defendants were arrested, and at the March term, 1849, were tried upon the indictment, to which they had plead not guilty.

The jury found the defendants, Edmund and Isadore Barada, guilty, and the defendant, Constant, not guilty. The jury assessed the fine of fifty dollars against the two Baradas. They afterwards moved for a new trial and in arrest of judgment. The motions were overruled, and the defendants, Baradas, then bring the case to this court.

There were no exceptions taken to any evidence given, nor any in- structions given. The principal cause of objection is in the verdict of the jury, and the judgment of the court.

The defendants contend, that the verdict and judgment should have been several; that is, finding each one of these two defendants guilty, and assessing a fine separately against each one; and judgment should have been rendered against each one for a separate fine.

The matter of the judgment being joint against both defendants, is the only one which demands our attention. The case of the State of Mis- souri vs. John H. Gay, and others, is relied on and cited by the Atty. Gen'l. as well as the counsel for the defendants, Baradas. This case was an indictment against Gay, et al. for keeping a ferry without license. The indictment was said to be a good form, but it was demurred to be- cause the offence was charged to have been committed jointly by Gay and the others. The court below sustained the demurrer, and this court reversed the judgment, sustaining the demurrer, alleging that if the of- fence consist of any joint act, which is criminal in itself, without regard to any particular personal default in the defendant, such as the joint keeping of a gaming house, &c.; in such cases the indictment may eith- er charge the defendants jointly and severally, or may charge them jointly only. This court then, after deciding the question before it, goes on to say, that "when several are joined in one indictment, a joint award of the fine against them is erroneous;" and it is upon this latter clause of the opinion in the above case of the State vs. Gay et al. that the defendants rely for a reversal.

Without giving any sanction to the doctrine in the latter clause of that opinion, (as I consider that question was not before the court,) I will merely, for the benefit of the defendants, in this prosecution, state; that the judgment in this case is for the minimum punishment; the fine being not less than fifty dollars, nor more than five hundred dollars. The judgment that these defendants then pay fifty dollars as the fine, instead of each one to pay that sum, cannot be said to be to the injury of them or to their prejudice. The error of the court below, if there be any, was clearly in their favor, and it is with such ill grace that they complain of it here, that this court is disposed to pay little attention thereto.

Let the judgment, therefore, be affirmed.