THE STATE, Respondent, *vs.* BERRY & OTHERS, Appellants.

1. An indictment under the 6th and 8th sections of article 8, of the act concerning crimes and punishments, (R. C. 1845,) which charges that the defendants "assembled and agreed," &c., is sufficient.
3. A joint fine assessed against several parties jointly indicted, is erroneous. A separate fine should be assessed against each.

*Appeal from Lawrence Circuit Court.*

*F. P. Wright,* for appellants. The indictment is insuffi-cient. It neither charges that the defendants assembled " *with intent,*" nor that, " *being assembled,*" agreed, &c. The char-acter of the violence intended is not stated. (9 Mo. 285.) A *threat* is not an act prohibited in the sixth section. (14 Mo. Rep. 147.) 2. The fine should have been separately assessed. (10 Mo. Rep. 440. 7 Dana, 229.)

*Gardenhire,* (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendants were indicted by the grand jury of Lawrence county, at the October term of the Circuit Court, in the year eighteen hundred and fifty-two, for an alleged violation of the statute (art. 7, secs. 6 and 8, p. 394–5, R. C. 1845,) con-cerning Crimes and Punishments. They were tried at the Octo-ber term, 1853, and were found guilty. The jury returned a verdict of guilty generally against all three of the defendants, and assessed their punishment at eighty-one dollars.

The defendants moved for a new trial, which was overruled; they also moved in arrest of judgment, which being overruled, they bring the case here by appeal.

The appellants rely for a reversal of the judgment below, upon two grounds principally—the insufficiency of the indict-ment and the illegality of the judgment.

1. The indictment charges that the defendants, Zephaniah Berry, William Berry, and Constantine Berry, late, &c., here-tofore, to-wit, &c., at, &c., " with force and arms, did then and there unlawfully assemble together, and mutually agree to as-sist one another in doing violence to the person of one David A. Maxwell, with force and violence, by threatening to whip and kill the said David A. Maxwell, contrary," &c.

The 6th section of the 7th article, above refered to, declares : " If three or more persons shall assemble together with intent,

or being assembled, shall agree mutually, to assist one another to do any unlawful act with force and violence, against the person or property of another, or against the peace, or to the terror of the people, and shall accomplish the purpose intended, or do any unlawful act in furtherance of such purpose, in a violent or turbulent manner, every person so offending," &c.

The 8th section declares : " If three or more persons assemble with intent, or being assembled, agree mutually, to assist each other in the doing of any act prohibited by the 6th section of this article, and in the manner therein specified, although the purpose intended or agreed upon be not accomplished, nor any act done, nor any movement or preparation made in furtherance thereof, every person so offending shall, on conviction thereof, be adjudged guilty of a misdemeanor, and be punished," &c.

The indictment charges that the defendants did unlawfully assemble together, and mutually agree to assist one another, in doing violence to the person of one David A. Maxwell, with force and violence, by threatening to whip and kill the said David A. Maxwell.

The indictment, in our opinion, is sufficient. There is no necessity to aver any intent in the assembling together in this case. Here, the defendants are charged with unlawfully assembling together, and with mutually agreeing to assist each other in doing violence to the person of David A. Maxwell, by threatening to whip and kill him.

The charge in the indictment is made sufficiently clear and explicit, and is an offence within the sections of the article in the act above specified. There is no force in the objections taken, therefore, to the indictment ; the record shows a prosecutor endorsed on the indictment.

2. The remaining objection extends to the judgment in this case ; the verdict being a general one of guilty against all the defendants, and containing a fine of eighty-one dollars against them all jointly. The judgment is rendered against them for the fine of eighty-one dollars jointly. It is a judgment for the

State *v.* Berry.

whole amount of the fine against all the defendants, in accordance with the verdict. The appellants contend that this verdict and judgment are vicious, and cannot stand; that the judgment should have been arrested.

This court, after much reflection, and with reluctance, must sustain this objection. Though the indictment charges the offence as a joint one, and, indeed, there must be three or more persons charged, in order to constitute the offence under our statute, and these three or more make but one offence, yet it is in accordance with the weight of authority that each one of these defendants shall only be liable for a specific fine assessed against him, separately, and not jointly ; and that, accordingly, the judgment must be entered for a specific fine against each defendant. The court below could not enter a judgment jointly against all three for the sum of eighty-one dollars ; nor would it be right or proper to collect that sum of one defendant, in discharge of the entire judgment; nor proper to collect that amount of each one of the defendants separately. This case does not occur in the English practice ; for there, the jury find the guilt only of the defendants, and leave the amounts of their punishment to be assessed by the courts of that country, in accordance with the law. The courts, therefore, punish each defendant, as in their opinion may be proper, from the nature and amount of his guilt, as proven before them during the process of the trial. *The State* v. *John H. Gay & others,* sustains this view, ( 10 Mo. Rep. 440 ;) and this case is sustained by 2d Hawk. P. C. p. 633. The case of *The State* v. *The Baradas,* ( 13 Mo. Rep. 94,) does not militate against this doctrine. There, the fine was for the minimum sum, and was joint against the two defendants. The error of the court was in favor of the defendants, as they were required to pay, by its judgment, a fine of fifty dollars, the two, instead of fifty dollars each. In delivering the opinion, in the case of *The State* v. *The Baradas,* the judge, who pronounced the opinion of the court, stated that, " without giving any sanction to the doctrine about the joint fine in the case of *Gay et al.,* in

10 Mo. Rep., as he considered that question not before the court in that case, he would merely state, for the benefit of the defendants, that the judgment in this case is for the minimum punishment, the fine being not less than fifty dollars, nor more than five hundred. The judgment that these defendants then pay fifty dollars, as the fine, instead of each one to pay that sum, cannot be said to be to the injury of them, or to their prejudice. The error of the court below, if there be any, was clearly in their favor, and it is with such ill-grace that they complain of it here, that this court is disposed to pay little attention thereto." Had the fine of eighty-one dollars been the minimum punishment for the offence in this case now before us, it would have been decided in accordance with the case of *The State* v. *The Baradas.*

We are satisfied that the law is against this judgment of the lower court, and that it must be reversed, and the cause remanded for a new trial, in accordance with the principles and doctrine here laid down; the other judges concurring.