Hawkins v. The State.

Filed Feb. 20, 1894.

———————◆———————

No. 17,033.

HAWKINS v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—*Venue.*—In a criminal action based on affidavit and information, the affidavit sufficiently lays the venue where the caption shows the venue to be in Perry county, in the State of Indiana, while in the body of the affidavit it is charged that the offense was committed "at said county."

SAME.—*Affidavit and Information.*—*Sufficiency of Affidavit.*—While an indictment or information must contain the title of the action and the name of the court to which it is presented, yet in an affidavit this is not necessary.

Hawkins *v.* The State.

SAME.—*Affidavit.*—*Jurat, Sufficiency of.*—Where an affidavit is made before a justice of the peace, his official character may be sufficiently designated by the abbreviations "J. P."

SAME.—*Rape.*—*Instruction to Jury.*—*Age and Relat.* ` *of Parties.*—*Ig-* *norance of Sexual Act.*—In an action for rape, the `ourt correctly instructed the jury that "on reaching a conclusion on the question of consent, you may take into consideration the condition, age, and relations of the parties as they appear from the evidence. If you find that she was ignorant of the sexual act, you may consider this fact also."

SAME.—*Rape.*—*Resistance.*—To constitute rape, the kind and degree of resistance that should be exerted in any given case must depend upon the circumstances surrounding it.

INSTRUCTIONS TO JURY.—*Uncontradicted Fact.*—*Assumption as True.*— It is not error for the court to assume as true, in an instruction to the jury, an uncontradicted fact.

From the Perry Circuit Court.

*J. H. Weathers* and *C. A. Weathers,* for appellant.

*A. G. Smith,* Attorney-General, and *F. T. Edenharter,* for State.

HOWARD, C. J.—This was a prosecution by affidavit and information, for the crime of rape.

The cause was submitted to a jury, who found a verdict against the appellant, assessing his punishment at imprisonment in the State prison for five years. There was judgment upon this verdict.

The errors assigned on this appeal are:

1. The overruling of the motion to quash the "indictment."

2. The overruling of the motion for a new trial.

3. The overruling of the motion in arrest of judgment.

As to the first alleged error, a reference to the record shows that there was no indictment, but an information. It also appears that the motion to quash was directed against the affidavit, and not against the information.

But, without considering whether there was here any

proper assignment of error, it is evident that there was in fact no such error as that attempted to be assigned. The caption of the affidavit shows the venue to be in Perry county, in the State of Indiana; while in the body of the affidavit it is charged that the offense was committed "at said county."

This is a sufficient statement of the place where the offense was committed. *Evarts* v. *State,* 48 Ind. 422; *Long* v. *State,* 56 Ind. 133; *Anderson* v. *State,* 104 Ind. 467.

The affidavit further, as required by the statute, section 1679, R. S. 1881, sets forth "the offense and the person charged in plain and concise language." This, together with the names of the witnesses, completes the requirement of the statute, and was sufficient upon which to base the information.

While it is true, as provided in section 1731, R. S. 1881, that the indictment or information must contain the title of the action and the name of the court to which the indictment or information is presented; yet, in an affidavit, this is not necessary, and, under some circumstances, it would be improper. The affidavit may be taken before a notary public or other officer who may not try the case, and it is usually made before there is a suit pending, so that there is no title to give and no court to name. It is only necessary that it should appear that the affidavit was made for the purposes of the suit in which it is afterwards filed.

As to the objection made to the jurat of the officer, it is enough to say that "J. P." was a sufficient indication of his office as justice of the peace. 1 Am. and Eng. Encyc. of Law, 15 and 310.

The arguments of counsel against the affidavit are such as might have force as against a defective indictment or information; but there is no question that the

information in this case is good.    We think the affidavit
also conforms to the statute.

Under the second assignment of error, it is objected
that the court, in charging the jury, stated that the
prosecuting witness was thirteen years old.   The un-
contradicted testimony, both of the prosecuting witness
and of her mother, was that her age was thirteen.   It
was not, therefore, error in the court to assume this as
true.   *Koerner* v. *State*, 98 Ind. 7, and authorities there
cited.

The evidence shows that the defendant was fifty-two
years of age, and that he was the family physician of the
prosecuting witness.   On the morning of the day in
question, the mother of the prosecuting witness came to
the doctor's office to wash and clean up the rooms, but
being unwell, she returned home and sent her three
children to do the work.   These children consisted of
the prosecuting witness and her brother and a younger
sister.   When they arrived at the office, they found the
doctor in bed in one of the rooms.   He sent the brother
out after a bottle of whisky, and the younger sister after
soap.   The testimony of the prosecuting witness is that
he then got up and locked the doors and took her, at
first, upon his lap, and then to his bed, where he ac-
complished his purpose.

She testifies:    "I told him to quit.   He said he would
not hurt me."   And, on cross-examination, she says:
"I did not know what he was going to do with me."

Her brother testifies that when he returned with the
whisky he found the door locked.   He then went to the
back door, and found that also locked.   Afterwards the
doctor let him in at the back door, and he saw his sister
standing near the stove and crying.   The doctor then
went out and she told her brother what the doctor had
done.   On the return home of the children, the mother

testifies as to finding evidence of the commission of the offense.

The appellant complains of the following statements in the charge of the court, bearing on the foregoing evidence: "On reaching a conclusion on the question of consent, you may take into consideration the condition, age and relations of the parties as they appear from the evidence. If you find that she was ignorant of the sexual act, you may consider this fact also."

We see no error in these statements; they merely call the jury's attention to evidence given. If appellant desired fuller instructions on the question of consent, he should have requested them. The truth is, that the three instructions given are most favorable to appellant, and drew the attention of the jury to every item of evidence in his favor, as well as to the law.

The appellant's own evidence corroborates much of that given by the State: That he was the family physician of the family of the prosecuting witness; that her mother came in the morning to clean his office, and the children in the afternoon; that he sent the brother for the whisky, and the girl for the soap; that "the front door had caught some way," but was not locked.

Counsel argue that the evidence fails to show resistance, and that, therefore, the crime of rape is not proved. The kind and degree of resistance that should be exerted in any given case must depend upon the circumstances surrounding it, and no rule can be laid down which shall apply to every case.

2 Bishop's Crim. Law, section 1122, says: "Some of the cases, both old and modern, are quite too favorable to the ravishers of female virtue, and ought not to be followed, on this question of resistance. * * * The better judicial doctrine requires only that the case shall

be one in which the woman 'did not consent.' Her resistance must not be mere pretense, but in good faith."

This girl was but a child, thirteen years, old; of so tender an age that, within seventeen days after the alleged occurrence, the Legislature amended our former law and declared that carnal knowledge of a female child, even one year older than she was, is rape.

He was her family physician; fifty-two years of age; she was then in his service; he locked the doors; he took her on his lap; she did not know, she says, what he was going to do. It would seem that the jury might infer, from these circumstances, a moral restraint amounting to coercion. Then, when she began to realize his conduct, she says: "I told him to quit." He reassured her, saying "he would not hurt her." She did not understand, and might well believe that her mother's family physican would do nothing wrong. Her brother found her crying, and she told him what the doctor had done. If the jury believed this evidence, we think they might well conclude that reasonable resistance, under the circumstances, was shown.

This case, as to the relative age and relations of the parties, and as to resistance and want of consent, is much like the case, recently considered by this court, of *Eberhart* v. *State*, 134 Ind. 651, 34 N. E. Rep. 637; and the authorities there cited are, in a large degree, applicable to this case.

The judgment is affirmed.

Filed Feb. 15, 1894.