May v. The State.

**Filed Dec. 12, 1894.**

———————◆———————

## No. 17,347.

## MAY v. THE STATE.

CRIMINAL LAW.—*Assignment of Error.*—*Must be Specific.*—An assignment of error that the court erred "in overruling the motion of the appellant for a continuance," is not sufficient where it appears that there are two separate and distinct rulings upon motions for continuances.

SAME.—*Burglary.*—*Verdict.*—*Omission of Part of Penalty.*—*Waiver of Objection to Irregularity.*—Where in a prosecution for burglary a verdict is returned fixing the penalty at imprisonment for nine years, but omitting to include disfranchisement in the punishment as provided by the statute (section 1929, R. S. 1881, section 2002, R. S. 1894), the failure of the defendant to ask a correction of the verdict at the time it is returned, waives the right to assail it afterwards on account of the irregularity.

SUPREME COURT PRACTICE.—*Brief.*—*Marginal Notes.*—*Rules of Court.*—Questions as to the admission of evidence will not be considered on appeal, where the brief does not point out the part of the record containing such evidence, and where no marginal notes are made upon the bill of exceptions as required by the rules of the Supreme Court.

'From the Madison Circuit Court.

*E. F. Daily, J. W. Lovett* and *H. C. Ryan*, for appellant.

*W. A. Ketcham*, Attorney-General, *W. A. Kittinger* and *M. Moores*, for State.

HACKNEY, J.—The appellant was charged, tried, and convicted, in the circuit court, of the offense of burglary, and his punishment fixed at imprisonment in the State's prison for the period of nine years.

The assignment of error contains several specifications, the first of which is waived by the failure of counsel to argue the same.

The second specification, that the court erred "in overruling the motion of the appellant for a continuance," has been made the basis of extended argument that the court erred in each of two separate and distinct rulings upon motions for continuances, each entirely independent of the other.

It has frequently been said that the assignment of error is the complaint of the appellant, and each specification of error is as a paragraph of complaint. The burden rests upon the appellant to present, by each specification, in definite and concise language, some ruling of the trial court urged as error.

"No specification in the assignment of errors is sufficient unless it indicates with clearness and precision the ruling assailed." *Dye* v. *State*, 130 Ind. 87. See, also, Elliott's App. Proced., section 308.

Here we have a specification which, when we look to the record for its verification, we find invites and receives a discussion not of a single ruling of the trial court, but of two distinct rulings. If a specification so general were held sufficient, it will be seen that any specification, broad enough in its language to comprehend any one of several rulings, could be made to serve

the purpose of presenting each and all of such rulings. Such holding would not be upon the letter or the spirit of the statute requiring a "specific assignment of all errors relied upon." R. S. 1894, section 667 (R. S. 1881, section 655).

As the specification before us assigns but a single ruling, and as it may have reference equally to either of two rulings, we are unable to apply it for the appellant to one ruling to the exclusion of the other. Nor can the practice be permitted of assigning as error a single ruling, and upon that assignment presenting two or more rulings.

It is next insisted that the court erred in overruling the appellant's motion for a *venire de novo.* The objection urged to the verdict is that it did not include, in the punishment affixed, disfranchisement and disqualification for holding office, as prescribed by the statute (R. S. 1881, section 1929), R. S. 1894, section 2002.

There has been a number of cases in this court presenting similar verdicts: *Wilson* v. *State,* 28 Ind. 393, and *Marshall* v. *Gill,* 77 Ind. 402, where it was held that the judgment could not include the omitted elements of the verdict; *Bell* v. *State,* 42 Ind. 335, where it was held that such defects could not be raised by motion for a new trial; *Shafer* v. *State,* 74 Ind. 90, and *Kennegar* v. *State,* 120 Ind. 176, where it was held that the defendant was not harmed by a verdict and judgment.

There are other cases holding that where two distinct punishments are prescribed for an offense, and but one is assessed, the defendant can not complain. *Dillon* v. *State,* 38 Ohio St. 586; *State* v. *Price,* 11 N. J. L. 203; *Kane* v. *People,* 8 Wend. 203; *McQuoid* v. *People,* 8 Ill. 76; *Barada* v. *State,* 13 Mo. 94.

In *Dillon* v. *State, supra,* it was said, "Where the sentence imposed, whether of fine or imprisonment, is

authorized by the statute, the failure of the judge to discharge his whole duty by imposing both the fine and imprisonment provided by law, will not warrant a reversal. The sentence in such case being warranted, the defendant is not prejudiced by the error of the court in failing to inflict upon him the additional punishment.''

In the present case the appellant insists that this rule. is recognized only where the punishment assessed is the minimum punishment prescribed. This limitation upon the rule is not enforced in any of the cases to which our attention has been called, though, as said in *Shafer* v. *State, supra,* where the imprisonment adjudged is the shortest possible under the statute, it is evident that the prisoner has not suffered by the failure to add disfranchisement and disqualification.

It is suggested also, but not decided in that case, that if it could be presumed that the measure of punishment inflicted was increased by including in it all of the elements of punishment prescribed, the prisoner would be harmed by such increased punishment of the kind inflicted. This presumption is not there held to exist, and our conclusion renders it unimportant that we should decide as to its existence or nonexistence.

Should one who observes without objection, and with acquiescence, an act or proceeding which may affect his rights, be heard to complain of such act or proceeding? It is certain that he may not in every instance.

In *Shafer* v. *State, supra,* and *Kennegar* v. *State, supra,* it was, in effect, held that, notwithstanding a verdict defective in omitting disfranchisement and disqualification as a part of the punishment, a valid judgment could be rendered against the accused. If the omission does not vitiate the verdict, it is certainly but an irregularity which may be corrected upon motion of

the prosecutor or the defendant to require the jury to retire, and conform their verdict to the rule.

In *Wilson* v. *State, supra*, and in *Kennegar* v. *State, supra*, it was held to be the proper practice to send the jury back to correct the verdict.

In *Hoskins* v. *State*, 27 Ind. 470, where the verdict assessed one year, the minimum punishment prescribed having been two years, this court said, in quoting from Bishop Cr. Pro., section 842: "If the jury bring in a defective verdict, it is in the power equally of the prisoner and the prosecuting attorney, to have it set right, and suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he, by thus failing to interpose, waives his objection to being put a second time in jeopardy for the same offense." If the verdict were so defective that no judgment could be entered upon it, as if it omitted all punishments prescribed, and a *venire de novo* were awarded him, the prisoner would not be heard to object to a second trial or to claim his discharge.

We apprehend that a better reason exists for holding that a failure to object to a merely irregular verdict, one upon which a valid judgment may be pronounced, is a waiver of the irregularity. If it were presumed, as suggested in *Shafer* v. *State, supra*, that the various elements of punishment prescribed had been combined, and constituted the punishment returned, the most that the prisoner could ask would be to separate the elements. If he does not desire the separation, and permits the jury to be discharged without seeking it, why should he be permitted to complain?

The instances where the doctrine of waiver has been held to apply have been stated in Elliott App. Proced.,

section 290, as follows: "Errors of the gravest character may be expressly or impliedly waived by a defendant in a criminal case.  *  *  *  Failure to object to the competency of a judge will operate as a waiver. An accused may waive his right to the benefit of the constitutional provision that he shall be confronted by the witnesses for the State.  *  *  *  Objections to the empaneling of the jury, to the qualifications and to the conduct of jurors are waived unless seasonably interposed.  *  *  Misconduct of counsel in argument must be specifically and duly objected to or there will be a waiver. In almost every conceivable form the doctrine of waiver has been enforced in criminal cases, it has been enforced in respect to pleadings, in respect to changes of venue, and in respect to the admission and exclusion of evidence.  *  *  It is entirely safe to say that many constitutional rights, and all rights not constitutional, or not affecting the jurisdiction of the subject, may be waived."

It was held in *Henning* v. *State*, 106 Ind. 386, that where the defendant and his counsel, in a capital case, have not objected to the separation of the jury during the progress of the trial, it is too late to object after verdict. In the course of that opinion it was said, quoting from *Polin* v. *State*, 14 Neb. 540: "Parties litigant, even  * in criminal cases, must deal fairly by the court. They are not permitted to withhold information of matters transpiring in the progress of a trial, whether prejudicial or otherwise, and thus, without objection, permit it to proceed to a conclusion, and then take advantage of them. Generally all objections not jurisdictional as to the subject of the litigation must be made at the first opportunity, or they are deemed to be waived. The rule in such cases is, that a party shall not be permitted without ob-

jection to take the chances of a favorable result, and then, if disappointed, for the first time complain."

Continuing, this court said: "Our own cases, proceeding upon this general principle, have repeatedly asserted that if a defendant in a criminal case, whether a capital case or not, fails to object and except at the earliest legal opportunity, he waives his right to afterwards assail the ruling."

After citing and commenting upon the cases, it was there further said: "These authorities clearly establish the general doctrine that if a defendant has knowledge of a matter affecting his rights and fails to ask a ruling upon it, or if he fails to avail himself at the earliest opportunity of objections known to him, he can not afterwards successfully complain."

In *Cluck* v. *State*, 40 Ind. 263, and *Long* v. *State*, 95 Ind. 481, it was held that where a juror took notes of the evidence, the defendant must not only object to such taking, but it must appear that his objection is made upon the first opportunity.

While our attention has not been called to a case directly in point, we believe that in principle and by the analogy of the cases cited, there can be no doubt that the failure of the appellant to ask that the verdict be corrected waived all right to assail the verdict for the irregularities complained of.

It is further insisted that the lower court erred in overruling the appellant's motion for a new trial, and it is frankly admitted by counsel, upon the first proposition urged, that it depends upon the weight of the evidence. Under the well known practice, we can not weigh the evidence.

Two additional questions, as to the admission of evidence, have been argued, but no reference has been made by appellant's counsel to the part of the record where

such evidence may be found, and marginal notes are not made upon the bill of exceptions, by which we may be aided in our search for the evidence objected to. Each of these failures violates the established rules of practice in this court, and defeats a consideration of the questions. Rules 26 and 31.

Finding no available error in the record, the judgment of the circuit court is affirmed.

Filed Feb. 5, 1895.