COGER v. STATE OF INDIANA.

[No. 24,837.    Filed April 28, 1925.    Rehearing denied June 25, 1925.]

1.    CRIMINAL LAW.—*Lack of definite statement of place of offense does not support motion for new trial, if the county is correctly laid.*—A motion for new trial on the ground that the finding of the court is contrary to law and not supported by sufficient evidence, is not supported by the contention that there was no place named in the affidavit where the crime was committed, when the formal charge was that the offense was committed in the county where brought, and the proof sustained the allegation.    p. 333.

2.    CRIMINAL LAW.—*Finding of guilty is sustained by proof of offense prior to affidavit and within statute of limitations.*—A finding of guilty is sustained where the offense is charged to have been committed on a certain day and the proof showed the offense to have been committed two days prior thereto; if the time proved is prior to the presentment of the affidavit and within the statute of limitations, it is sufficient.    p. 334.

3.    INDICTMENT.—*Allegation of affidavit as to time and place held sufficient.*—An affidavit will not be quashed for failure to allege the exact place within a named county where the offense was committed, or for variance in proof of time of commission, if before presentment of the affidavit, and within the statute of limitations.    p. 335.

From Marion Criminal Court (56,352); *Frank A. Symmes,* Special Judge.

Tom Coger was convicted of selling intoxicating liquor and he appeals.    *Affirmed.*

*W. E. Henderson,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—This is a prosecution for violation of the Prohibition Law, §4, Acts 1917, as amended, Acts 1923 p. 70. The affidavit presented by the prosecuting attorney, charged that appellant did on or about April 3, 1924, in Marion county, Indiana, unlawfully sell, barter, exchange, give away, and furnish, and otherwise dispose of intoxicating liquor to a certain named person.

The trial by the court, upon a plea of not guilty, resulted in a finding of guilty, imposing a fine and imprisonment in the Marion county jail, from which the defendant appeals, and assigns as errors the action of the court in (1) overruling the motion to quash the affidavit, and (2) overruling the motion for a new trial.

The evidence discloses that the person named in the affidavit as the purchaser of the liquor, together with another, on April 1, 1924, went to the garage of appellant in Marion county, Indiana, and asked appellant upon entering the garage, "Hello, Tom, what is the chance of getting half a pint?" Appellant answered, "Best in the world," and then left them and later returned with a half-pint bottle of so-called "white mule" whisky and handed it to the purchaser and was paid one dollar for it by the purchaser's companion.

Appellant's assigned error that the finding of the court is not sustained by sufficient evidence and is contrary to law, is based upon the propositions, first,

1. that there was no place named in the affidavit where the crime was committed; second, that the date of the commission of the crime as shown by the evidence was different from the date charged by the affidavit. The formal charge was that the offense was committed in Marion county, Indiana, of which fact there was direct proof. It is not necessary to allege,

as appellant's counsel contends in his argument, that the exact place within the county be specified so that the defendant may know the exact charge of crime against him.   To support this contention he relies upon §2031 Burns 1926, §1867 Burns 1914, Acts 1905 p. 584. This section of the statute is not in support of the contention so made.   All that is necessary to allege in the formal charge to meet the criticism of appellant, is that the offense was committed in the county having jurisdiction, and it being unnecessary to allege the place of the commission of the crime more definitely, it was only necessary for the proof of the place where the crime was committed, to meet the allegation as made. *Hutchinson* v. *State* (1878), 62 Ind. 556.   The statute relating to criminal procedure, §2224 Burns 1926, §2062 Burns 1914, Acts 1905 p. 584, provides that the affidavit is sufficient if it can be understood therefrom that the offense was committed within the jurisdiction of the court, and is triable therein.   This statute does not require that the exact location of the commission of the crime, such as the particular lot or block or street number or section of land where the crime may have been committed, be stated.   Having laid the venue by naming the county within the state, it is unnecessary to allege the place of the commission of the offense with any more certainty. *Hawkins* v. *State* (1894), 136 Ind. 630; *Rivers* v. *State* (1896), 144 Ind. 16.   For the proof to be sufficient to sustain the finding of the court, it is necessary only that the place of the commission of the offense be proven as charged.

The time of the commission of the offense as alleged by the affidavit, was April 3, 1924.   The proof showed that the offense was committed April 1, 1924.

2.   Time is not the essence of the offense charged, except that the time of the charge of the offense must be before the presentment of the affidavit and

within the statute of limitations. The time as charged in the affidavit here meets the exceptions, and proof of the crime as having been committed three days prior to the time of the commission of the offense as charged, is not subject to the objection made. *Terrell* v. *State* (1905), 165 Ind. 443, 2 L. R. A. (N. S.) 251, 112 Am. St. 244, 6 Ann. Cas. 851; *Zoller* v. *State* (1920), 189 Ind. 114.

The appellant claims that the court erred in overruling his motion to quash the affidavit, and says that the offense was not stated with sufficient certainty because the place of the commission of the offense in Marion county was not laid in the affidavit. The only necessary allegation with reference to the place of the commission of the crime, is that it be alleged within the jurisdiction of the court by naming the county within the state in which the offense was committed. An indictment or affidavit will not be set aside or 3. quashed for the want of an allegation of the time or place of any material fact when the venue and time have once been stated in the indictment or affidavit. §2224 Burns 1926, §2062, subd. 3, Burns 1914, §2225 Burns 1926, §2063, subd. 2, Burns 1914, Acts 1905 p. 584. It was not error to overrule both the motion to quash the affidavit and the motion for a new trial.

Affirmed.