CARTER *v.* STATE OF INDIANA.

[No. 28,603. Filed January 26, 1951. Rehearing denied February 28, 1951.]

James C. Cooper, Public Defender, for appellant.

J. Emmett McManamon, Attorney General; Frank E. Coughlin and Harold V. Whitelock, Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by affidavit in three counts (1) with the crimes of robbery while armed with a deadly weapon, under § 10-4709, Burns' 1942 Replacement; (2) robbery, under § 10-4101, Burns' 1942 Replacement; and (3) automobile banditry, under § 10-4710, Burns' 1942 Replacement; all arising out of the identical robbery. A plea of not guilty was entered, there was a trial by jury, and a verdict of guilty was returned for robbery while armed with a deadly weapon and for robbery. Judgment on each count was entered, and appellant was sentenced on each count, the sentences to run concurrently.

The sole question presented is whether or not error was committed in entering judgment on the first and second counts of the affidavit. Appellant contends that robbery is contained in the offense of robbery while armed with a deadly weapon, and that he should have been found guilty and sentenced on the first count only. In the case of *Kokenes* v. *State* (1938), 213 Ind. 476, 479, 480, 13 N. E. 2d 524, 525, 526, robbery while armed and robbery were charged in separate counts arising out of the identical robbery. There was a verdict of guilty upon both counts, and judgment and sentence followed upon both counts. This court said:

> "It does not follow, however, that a defendant may be convicted for committing a robbery and committing a robbery while armed, where the same identical robbery is involved. . . .
>
> "The offenses here involved are in the same category. The same robbery is involved in both, but in one the offense is aggravated by the fact that the defendant was armed with a deadly weapon. If the robbery be established, but it is not proven that he was armed, there should be a conviction for robbery. If the robbery is established and that he was armed, there should be a conviction under the statute in question. Guilt under the latter necessarily implies that the defendant is guilty of the robbery. The judgment should have been for the greater offense. The court entered judgment and sentenced the defendant under both counts; the sentences to run concurrently, however. This was error . . . ."[1]

In the case now before this court the identical robbery is involved in both the first and second counts of the affidavit. Proof having been made that appellant was armed with a deadly weapon while committing a robbery, the jury should have re-

---

[1] See *Jackson* v. *State* (1860), 14 Ind. 327, 328, and *State* v. *Elder* (1879), 65 Ind. 282, 285.

turned a verdict of guilty on the first count only of the affidavit. Judgment should have been entered for the greater offense, which in this case was robbery while armed with a deadly weapon. It was error to enter judgment for both robbery while armed with a deadly weapon and robbery. *Kokenes* v. *State, supra.* Appellee, in its brief, admits it was error to enter judgment on both counts of the affidavit, but contends that it was harmless error. To this contention we cannot agree, since robbery while armed with a deadly weapon carries a determinate sentence of ten to twenty years, and robbery carries an indeterminate sentence of ten to twenty-five years. Appellant's right to parole could also be affected. Therefore it is prejudicial error.

The judgment as to robbery while armed with a deadly weapon is affirmed.

The judgment as to robbery is reversed.

NOTE.—Reported in 96 N. E. 2d 273.