WHITE *v.* STATE OF INDIANA.

[No. 29,205. Filed April 4, 1955.]

*Robert D. Symmes,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Thomas M. Crowdus,* Deputy Attorneys General, for appellee.

ACHOR, J.—Appellant was indicted for murder in the second degree. He was tried by jury and found guilty as charged. The court pronounced judgment upon the verdict, sentencing appellant to the Indiana State Prison for life.

The error assigned is the overruling of his amended motion for new trial. The grounds asserted in the

motion for new trial and relied upon for reversal are as follows:

(1) "The court erred in refusing the defendant motion for directed verdict.

(2) That the court erred in admitting in evidence the gun and bullet which had not been connected with the body of John C. Duncan.

(3) That the verdict of the jury is contrary to law.

(4) That the verdict of the jury is not sustained by sufficient evidence.

(5) That the defendant herein attached the affidavit of Albert Davis one of the jurors in the entitled cause and same is made a part of the defendant's motion for a new trial hereof and marked Exhibit A."

We entertain considerable doubt as to whether appellant in the preparation of his brief has made a "good faith effort" to comply with Rule 2-17 (e) and (f) of this court. However, we have elected to assert that doubt in favor of appellant, and to consider the appeal on its merits. We will, therefore, consider appellant's contentions in the order above presented:

(1) Error, if any, resulting from the overruling of appellant's motion for a directed verdict at the conclusion of the State's evidence was waived by appellant by the fact that he thereafter introduced evidence in his defense. *Fausett* v. *State* (1942), 219 Ind. 500, 502, 39 N. E. 2d 728.

(2) Appellant admits (and the record shows) that said exhibits were admitted without objection. Therefore, no question was reserved.

(3) The appellant contends that "the verdict was contrary to law" for the reason that a police officer who testified as a ballistics expert, relating the gun to the bullet recovered from decedent's body, was not qualified as an expert and that the ad-

mission of both his opinion testimony and the bullets as exhibits was reversible error. However, appellant's contention is without foundation. On examination of the testimony regarding the officer's qualification, we conclude that he was qualified to testify as an expert upon the subject of his testimony. Furthermore, no objection was made to the admission of his testimony and exhibits. Therefore, no question as to his qualification was reserved.

(4) Was the verdict sustained by sufficient evidence? The evidence most favorable to the verdict shows that after an altercation in a poolroom on Senate Avenue in the City of Indianapolis, the appellant ran across the street and obtained a gun out of his automobile, that the deceased ran around a building into a hallway where he was followed by appellant who shot him there while he was holding his hands above his head and begging for mercy. The deceased died a few minutes after the shooting at the point where he was felled.

(5) Finally, appellant contends that the verdict was contrary to law for the reason that the verdict of one of the jurors, Albert Davis, was not the "free expression" of his opinion as to the guilt of the appellant, as established by his affidavit submitted on motion for new trial. Appellant's contention upon this issue does not provide cause for reversible error for three reasons: (a) The affidavit is ambiguous and in direct contradiction to the facts recited in the transcript; (b) it does not assert any fact of corruption, intimidation, suppression or any other irregularity as affecting the jury, and, finally, (c) the rule is well settled that an affidavit of a juror cannot be used to impeach the verdict (but may be used to support it). Flanagan, Wiltrout & Hamilton's

Indiana Trial and Appellate Practice, §1681, ch. 21, p. 326, *Comment* 7.

Judgment is therefore affirmed.

NOTE.—Reported in 125 N. E. 2d 442.