## ROBBINS V. STATE OF INDIANA.

[No. 1267S136. Filed October 30, 1968. Rehearing denied January 9, 1969.]

314

Frederick J. Graf, of Indianapolis, for appellant.

John J. Dillon, Attorney General, and Richard V. Bennett, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by indictment in three separate count with kidnapping, statutory rape, and commission of a felony while armed with a deadly weapon. The relevant Indiana statutes provide as follows:

Ind. Anno. Stat. § 10-2901 (1956 Repl.) "Kidnapping.— Whoever kidnaps, or forcibly or fraudulently carries off or

decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried (a)way from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life."

Ind. Anno. Stat. § 10-4201 (1956 Repl.) "Rape—Penalty.— Whoever has ,carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen (16) years; . . . is guilty of rape, and on conviction shall be imprisoned not less than two (2) years nor more than twenty-one (21) years . . ."

Ind. Anno. Stat. § 10-4709 (1968 Supp.). "Commission of or attempt to commit crime while armed with deadly weapon.—Any person who being over sixteen (16) years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, or theft while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, . . . shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years, to be fixed by the court: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes."

The jury found appellant guilty on all three counts. The trial court granted appellant's motion for an arrest of judgment on Count Two (statutory rape). Appellant was senenced to the Indiana State Prison for life on Count One (kidnapping) and to the Indiana State Reformatory for a determinate period of fifteen years on Count Three (commission of a felony while armed with a deadly weapon).

The evidence most favorable to the state may be summarized as follows. At about 1:00 A. M., Christmas morning, 1966, the prosecutrix, an unmarried fifteen-year-old female, was alone, operating an automobile on route to a friend's

home to pick up a purse which she had unintentionally left there earlier in the evening. The prosecutrix stopped for a traffic signal where a man, whom she identified at the trial as the appellant, drove alongside in another car and attempted to engage her in conversation. As she proceeded from the intersection, this man followed her and eventually ran her car off the road. He pointed a pistol at the prosecutrix, entered her car, and drove it to a nearby alley. There, according to the prosecutrix, he ripped her clothing and threatened to shoot her if she tried to run. He then restarted the car and drove to the west side of Indianapolis. While driving the car, he pulled her hair, forced her to smoke a cigarette, threatened to "mess up" her face, and struck her several times with the pistol. After stopping the car behind a factory, he again struck the prosecutrix with the pistol and ordered her to disrobe. He then raped the prosecutrix twice, each time hitting her and stating that he wished to see her suffer. When she refused to satisfy his further sexual desires by fellatio, he shot her four different times, laughing at her pleas for mercy. Then, apparently believing that he had killed his victim, he re-entered the car and left the scene of his crime.

The prosecutrix was able to walk across a field and obtained help at a nearby home. At the hospital the prosecutrix gave the police a description of the car in which she had originally seen her assailant. The car was located near the place from which the prosecutrix had been originally abducted. This car was found to have been stolen. A DeMolay membership card was found in the front seat of the car. The card had been issued to one Jan Buris but had been transferred and was traced through several persons to the appellant. Police visited appellant's residence and found the car which had originally been driven by the prosecutrix parked nearby.

Four days after the crimes had been committed, the appellant was brought to the hospital where the prosecutrix positively identified him as her assailant. During interrogation, after having been advised of his constitutional rights

and having signed a waiver thereto, the appellant admitted shooting the prosecutrix.

Appellant contends that the trial court committed reversible error when it permitted the prosecution to introduce a "mug shot" of appellant, "certain other inflamatory (sic) pictures" and a piece of "bone-like substance" into evidence at the trial. Although appellant in his brief states that he objected to introduction of the "bone-like substance" into evidence, the record indicates that he expressly did not do so:

> "We won't object to the cigarette butts and *we won't object to that piece there,* but we will object to the spent bullet because the lieutenant doesn't know who found it actually, he didn't at least." (emphasis added).

Appellant admits that he failed to object to the introduction of the other evidence here in question during the trial but requests this court to consider "the personal trial danger" to him of "protesting too often."

This court can not consider appellant's subjective motives for not objecting to this evidence; the propriety of the appellant's trial strategy is not in issue on this appeal. It is well settled that unless a timely objection is made to the admissibility of evidence in the trial court, the question is not reserved and will not be considered on appeal. *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 442; *Crawford* v. *Anderson* (1891), 129 Ind. 117.

Count I of the indictment, charging the appellant with the crime of kidnapping, reads in pertinent part:

> "That James Robbins on or about the 25th day of December, A. D. 1966, at and in the County of Marion and in the State of Indiana, did then and there feloniously and forcibly carry away and kidnap the following person, namely: (the prosecutrix), from a place within the City of Indianapolis, in the County of Marion and State of Indiana, to wit: the 2500 block of North Sharon Avenue in the said county and state . . ."

Appellant contends that there was a fatal variance between the indictment and the evidence in that the testimony of the victim shows that, while she was en route to the 2500 block of North Sharon Avenue, she had not arrived at that address when her car was forced off the street by her assailant:

> "A. I turned down Medford because I had missed Sharon and I didn't know if he was following me or not.
>
> Q. And was there a car following you?
>
> A. Yes, he was.
>
> Q. All right.
>
> A. And I was just going to walk into this Robert Brown's house like I lived there.
>
> Q. Now, where did Robert Brown live in what hundred block?
>
> A. Twenty-five hundred (2500) block of Sharon. Well, I turned to go back on Sharon, I turned east off of Medford and when I did, he come in front of me and run me off the road."

The state maintains that this variance between the indictment and the evidence was not fatal in that appellant was not surprised, misled nor prevented from preparing his defense. *Madison* v. *State* (1955), 234 Ind. 517, 130 N. E. 2d 35.

Ind. Anno. Stat. § 9-1127 (1956 Repl.) provides:

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected for any of the following defects:
>
> . . . Second. For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment or affidavit.
>
> . . . Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In *State* v. *Carrier* (1955), 235 Ind. 456, 134 N. E. 2d 688, this court held that an indictment for murder was sufficient as against a motion to quash even though the indictment did

not allege the place of the death of the person claimed to have been murdered. The court stated:

"It has never been necessary to allege the exact place in the county where the fatal blow or death occurred. The words 'at and in said county,' has always been held to be a sufficient allegation in charging an offense. *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270; *Hawkins* v. *The State* (1894), 136 Ind. 630, 36 N. E. 419; *Coger* v. *State* (1925), 196 Ind. 332, 147 N. E. 624; Acts 1905, ch. 169, § 191, p. 584, being § 9-1126, Burns' 1942 Replacement." 235 Ind. at 460.

In *Madison* v. *State, supra,* this court stated:

"(I)t seems to be well settled in this state and most jurisdictions that the accepted rule in determining the materiality of a variance in a criminal proceeding is that it must be of such substantial character as to mislead the accused in preparing and maintaining his defense or the variance of such a degree as is likely to place him in second jeopardy for the same offense." 234 Ind. at 547. See also, 32 Ind. L. J. 258, 267-273.

The indictment in plain and concise language charges that the appellant did "feloniously and forcibly carry away and kidnap . . . Ellen Wright, from a place within the City of Indianapolis, in the County of Marion and State of Indiana. . . ." This was a sufficient allegation under Ind. Anno. Stat. § 9-1126. (1958 Repl.) The specific location in the indictment is surplusage. The appellant has not shown that he was mislead or prejudiced in preparing or maintaining his defense; therefore, we hold that the variance is not fatal and did not constitute grounds for reversing appellant's conviction on Count One.

Count 2 of the indictment charges that appellant:

"did . . . unlawfully and feloniously ravish and carnally know (the prosecutrix), a female child under the age of sixteen (16) years, to wit: of the age of fifteen (15) years, she . . . not being the wife of the said James Robbins, . . ."

Count 3 charges that appellant:

"did . . . unlawfully and feloniously ravish and carnally know (the prosecutrix), a female child under the age of sixteen (16) years, to wit: of the age of fifteen (15) years, she . . . not being the wife of the said James Robbins, the said James Robbins, was then and there armed with a deadly weapon, to wit: a pistol . . ."

The jury found appellant guilty on both counts. This court has held that where the identical crime is charged in two separate counts, the only difference being that in one the defendant is additionally charged with being armed with a deadly weapon, judgment should only be entered for the greater offense and not upon both counts. *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273. Appellant filed a motion for arrest of judgment on Count 2 with the trial court, based on the following reasons:

"1. That Count two of the indictment is covered by Count three of the indictment.

2. That the penalty for Count Two, Rape is two to twenty-one years indeterminate in the State Prison: That Count three which includes the crime of Rape, carries a penalty of 10 to 20 years in prison, determinate sentence.

3. That the jury in the immediate case found the defendant guilty of Count 1, Kidnap, Count 2, Rape, and Count 3, Commission of a felony while armed, namely rape."

Appellant filed a memorandum in support of this motion, citing *Carter* v. *State, supra.*

Ind. Anno. Stat. § 9-2001 (1956 Repl.) allows the court to grant a motion in arrest of judgment for two specified causes:

"First. That the grand jury which found the indictment had no legal authority to inquire into the offense charged, for the reason that such offense was not within the jurisdiction of the court.

Second. That the facts stated in the indictment or affidavit do no constitute a public offense."

It is apparent that neither of these causes authorizes the court to grant the motion in arrest of judgment where a defendant is found guilty on two separate counts each properly charging the identical crime. Rather, the way to correct this situation so as to comply with the rule in *Carter* v. *State, supra,* is to grant a motion to amend the verdict. *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697.

However, the trial court did grant appellant's motion for arrest of judgment as to count two in the case at bar. Appellant now contends that the trial court committed reversible error in rendering judgment on count three. Appellant argues that to arrest judgment on count two, the trial court necessarily must have found a defect in the indictment as regards that count, and that, since substantially the identical crime is charged in count three, this count must also be defective. But appellant's original motion was based on no such defect, and we find no such defect in either count. It was not error to render judgment on count three. According to *Carter* v. *State, supra,* it would have been reversible error to have been convicted on both counts two and three. While it was error to grant appellant's motion for arrest of judgment instead of amending the verdict, this error certainly did not prejudice the appellant and does not, therefore, constitute grounds for a reversal.

Finally, appellant contends that his arrest, interrogation and trial did not comport with the fair procedure required by the Fourteenth Amendment because he was not accorded the assistance of a counsel during the early pre-trial custodial interrogation. Appellant cites *Miranda* v. *Arizona* (1966), 384 U. S. 436, and *Anders* v. *California* (1967), 386 U. S. 738, to support his contention that he had the right to have an attorney present during interrogation. We agree, but both of these decisions also recognize a second rule: that this right can be knowingly and intelligently waived by a defendant in a criminal proceeding.

The record shows that appellant was arrested at his home on December 29, 1966, at 8:00 P. M. pursuant to a valid arrest warrant. He was taken from his home to General Hospital in order that the victim "could view him for identification purposes." After being positively identified by the prosecutrix, appellant was taken to the homicide office in the police wing of the City-County Building and from there to an interrogation room in the same building. Police Officer Leonard F. Dehn testified:

"At that time he was taken into an interrogation room, I advised him of his rights, I read them to him to make sure he understood, asked if he understood, he said yes, then I gave him a form to sign."

The form which appellant signed was admitted into evidence and reads as follows:

"INDIANAPOLIS POLICE DEPARTMENT

The Indianapolis Police Department advises as follows:

1. You have a right to remain silent.

2. Anything which you say can be used against you in court.

3. You have a right to have a lawyer present now.

4. If you do not have the money to retain a lawyer, you have the right to have one appointed for you by the court.

. . .

I have read the above and understand it fully. I wish to make a voluntary statement and I do not want a lawyer. No force, threats or promises have been used by anyone in any way to make me sign this, and I sign this statement of having been advised of the above rights before any questions have been asked of me.

/s/ James Robbins

Signed at 9:45 o'clock P. M. this 29 day of Dec., 1966 at Police Hqts. in the City of Indianapolis, Indiana."

No statement made by appellant prior to his signing this form was offered or admitted into evidence.

Appellant complains that no lawyer made a court appearance for him until forty eight days after his arrest. Capias was not issued to the sheriff until February 10, 1967, and

on February 15, 1967, appellant's counsel did enter a court appearance to waive arraignment and enter a plea of not guilty. Prior to this date, no court appearance was made or called for by either appellant or his counsel.

We do not see that appellant was in any way deprived of his right to counsel in the case at bar.

The appellant has failed to demonstrate that the trial court committed reversible error. Therefore, the judgment of the trial court should be affirmed.

Judgment affirmed.

Lewis, C.J., Arterburn, DeBruler, and Jackson, JJ. concur.

## ON PETITION FOR REHEARING

HUNTER, J.—The only issue in the appellant's petition for rehearing that was not fully considered and discussed in the original opinion relates to the alleged denial to the accused of his right to counsel at every stage of the proceedings. When the appellant was arrested on December 29, 1966, he was taken from his home to General Hospital before being taken to the police station, in order that the victim "could view him for identification purposes." The appellant now contends that he was denied a right to counsel when this identification was made at the hospital by the prosecutrix. Recent decisions have indicated that an accused does have a right to counsel at an "identification parade" or "show up." *United States* v. *Wade* (1967), 388 U. S. 218; *Gilbert* v. *California* (1967), 388 U. S. 263.

We do not need to determine whether the *Wade* or *Gilbert* decisions would apply to the facts of this case as we feel the appellant has waived this objection. (1) In the case at bar, counsel for appellant made no objection to any testimony at the trial relating to his identification by the prosecutrix either at the trial or at the hospital. (2) The only objection made by the appellant in his motion for new trial which even mentions the right to counsel reads as follows:

"That the court erred in permitting over defense objections the introduction of a piece of paper that stated that defendant was told of his rights to counsel and silence and which was allegedly signed by the defendant."

This objection only relates to the introduction into evidence of a "waiver" signed by the appellant and does not even allege that the appellant was actually denied his right to counsel. (3) In the assignment of errors presented to this court on appeal, the only objection made by appellant to the effect that he was denied his right to counsel was that he "was not accorded assistance of legal counsel . . . during the early pre-trial custodial police *interrogations*"; no mention is made that appellant was denied his right to counsel when the prosecutrix identified him at the hospital. (4) Finally, even the argument in appellant's brief relating to the denial of counsel deals only with the "early pre-trial custodial *interrogation*" of appellant and not with his identification at the hospital by the prosecutrix. Applying well settled precedents, the appellant can be deemed to have waived this argument at any one of these four stages of the proceeding by not making a timely objection. *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 2d 442; *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 2d 410; *May* v. *State* (1894), 140 Ind. 88, 39 N. E. 701; *Stearn* v. *State* (1951), 230 Ind. 17, 101 N. E. 2d 67. We do not believe it a mere technicality to require the appellant to expressly and specifically raise this type of objection prior to his petition for rehearing. It would be an extraordinary requirement to compel this court or the trial court to anticipate and decide all the possible questions of law which might occur in a criminal proceeding in the absence of timely objections by the parties specifically raising the issues to be decided. We hold that the appellant in the case at bar has waived any objections he may have had as regards the admissibility of evidence that relates to his identification at the hospital by the prosecutrix whether or not such identification was made in the presence of the appellant's counsel.

In passing, we wish to note and make a brief comment on another of the paragraphs in the appellant's petition for rehearing. Pursuant to a recent rule change made by this court, oral argument is not granted to an appellant except at the court's discretion. Rule 2-21, as amended on April 22, 1968. In the case at bar, the appellant contends that the court denied him due process of law by deciding the appeal without oral argument. It should be remembered that the right of appeal itself is not a matter of Constitutional necessity. *District of Columbia* v. *Clawans* (1937), 300 U. S. 617. While it is true that, when an appeal is afforded to an accused, certain essentials attach to the appellate procedure, it has never been required that one such essential be oral argument. It has been the experience of this court that oral argument has proved helpful or decisive only when the issues were too complex to be adequately covered in a written brief. In the instant case we feel the briefs adequately and completely articulate the issues involved in this appeal.

Rehearing denied.

Lewis, C.J. concurred in this denial of petition for rehearing on Monday, December 30, 1968, which was prior to the expiration of his term on this court.

Arterburn and Jackson, JJ. concur. DeBruler, J. concurs in result.

NOTE.—Reported in 241 N. E. 2d 148.